IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHEN ALAN ALBERTS, II, Ed.D.,

    Plaintiff,

v.                                Civil Action No. 5:09CV109
                                             (STAMP)
WHEELING JESUIT UNIVERSITY
and DR. LETHA ZOOK,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING THE DEFENDANTS' MOTION TO DISMISS**
**DR. LETHA ZOOK AS A PARTY DEFENDANT FOR MISJOINDER**

I.  Background

    The plaintiff in the above-styled civil action filed his complaint against the defendants in the United States District Court for the Western District of Pennsylvania. In his complaint, the plaintiff alleges retaliation claims under Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA") against his former employer, defendant Wheeling Jesuit University ("the University") and his former supervisor, defendant Dr. Letha Zook ("Zook"). On August 13, 2009, the plaintiff filed an amended complaint in which he dropped defendant Zook as a defendant. The caption in the amended complaint does not contain Zook's name. Additionally, the amended complaint neither asserts any claims against defendant Zook nor seeks any relief from defendant Zook. Further, the plaintiff filed Document No. 31, styled "Plaintiff's Response to Defendant's

Combined Motion & Memorandum in Support of Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted," on the same day as the amended complaint. In that response, the plaintiff states:

> Since Wheeling Jesuit University, the defendant in the Amended Claim (law suit) has openly taken responsibility for Dr. Letha Zook's actions as being one and the same as that of the university in multiple legally recognized documents pertaining to this case, plaintiff has removed her name from said complaint and concedes that liability must reside on the institution (WJU) and not the individual in this case.

Again, on December 8, 2009, the plaintiff stated in Document No. 64, styled "Memorandum of Plaintiff's Claim Upon Which Relief Can Be Granted," that relief of the plaintiff's claim falls on the University, not defendant Zook.

On October 1, 2009, the Western District of Pennsylvania transferred this action to this Court. On December 10, 2009, two days after the plaintiff filed his memorandum stating that relief of his claim falls on the university, not defendant Zook, the defendants filed a motion to dismiss defendant Zook as a party defendant for misjoinder. On December 17, 2009, the plaintiff responded in opposition to the motion, stating that defendant Zook is an indispensable party. The defendants did not file a reply. Because the plaintiff now believes that defendant Zook is an indispensable party, this Court will decide this motion on the merits. For the reasons stated below, this Court grants the defendants' motion to dismiss defendant Zook as a party defendant.

II. Discussion

The defendants argue that pursuant to Federal Rule of Civil Procedure ("Rule") 21, this Court should dismiss defendant Zook as a party defendant. Rule 21 states in pertinent part that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." When a court reviews a party's motion to dismiss a party under Rule 21, it needs to look to Rule 19 to determine whether dismissal is appropriate, as Rule 19 supplies the definition of an indispensable party. Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 691 n.23 (4th Cir. 1978). Rule 19(a)(1) states that:

> A person . . . must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Here, the defendants argue that defendant Zook should be dropped as a defendant because individual supervisors are not personally liable under Title VII or ADEA. They further believe that dismissing defendant Zook will not prejudice any substantial rights of the plaintiff and is not unjust.

The United States Court of Appeals for the Fourth Circuit has held that "ADEA limits civil liability to the employer." Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 511 (4th Cir. 1994).

3

Therefore, an employee may not be sued under ADEA for a personnel decision of a "plainly delegable character." Id. at 511 n.1. Similarly, the Fourth Circuit has held that "supervisors are not liable in their individual capacities for Title VII violations." Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998). To hold otherwise and permit individual liability would "improperly expand the remedial scheme crafted by Congress." Id. Because Fourth Circuit law clearly bars supervisors from being held personally liable under Title VII or ADEA for personnel decisions, the plaintiff cannot sue defendant Zook under either statute. Accordingly, this Court can reward the plaintiff complete relief under the statutory schemes of both statutes in the absence of defendant Zook. Further, because the plaintiff may not sue defendant Zook under either ADEA or Title VII, dismissal of defendant Zook will not prejudice any right of the remaining defendant or the plaintiff. Therefore, the defendants' motion to dismiss Dr. Letha Zook as a party defendant for misjoinder is hereby GRANTED.

### III. Conclusion

For the reasons stated above, the defendants' motion to dismiss defendant Zook as a party defendant is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:   February 12, 2010

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE