IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHEN A. ALBERTS, II,

      Plaintiff,

v.                                                Civ. Action No. 5:09-CV-109

WHEELING JESUIT UNIVERSITY,

      Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S FORMAL REQUEST FOR OFFICIAL ADDRESS CHANGE AND TO HALT ALL COURT PROCEEDINGS UNTIL PREVIOUSLY UNSEEN COURT DOCUMENTS CAN BE VIEWED IN THEIR ENTIRETY AND ADDRESSED**

On March 22, 2010, came the above named Plaintiff Steven A. Alberts via telephone and the above named Defendant Wheeling Jesuit University, by Eric Santos, in person, for an evidentiary hearing and argument on Defendant's Motion to Compel[1] and Plaintiff's Formal Request for Official Address Change and to Halt all Court Proceedings Until Previous Unseen Court Documents can be Viewed in Their Entirety and Addressed.[2] Testimony was not taken, and no other evidence was introduced.

## I. INTRODUCTION

A.    Background

This action was initiated on April 6, 2009, by the filing of a Motion to Proceed In Forma Pauperis by Plaintiff in the United States District Court, Western District of Pennsylvania. On

---

[1] Dkt. No. 105.

[2] Dkt. No. 109.

1

September 30, 2009, the case was transferred to the United States District Court, Northern District of West Virginia.[3]

B.   The Motions

   1.   Defendant's Motion to Compel[4]

   2.   Plaintiff's Formal Request for Official Address Change and to Halt all Court Proceedings Until Previous Unseen Court Documents can be Viewed in Their Entirety and Addressed[5]

C.   Decision

   1.   Because Defendant failed to include a good faith certification that the parties conferred, or attempted to confer, to resolve the issue, the Motion to Compel must be **DENIED**.

   2.   Plaintiff's Request No. 1 - request for formal address change is **GRANTED**. The Clerk is directed to change Plaintiff's address on the docket. Plaintiff's Request Nos. 2-7 are **DENIED**.

## II.  FACTS

   1.   On December 29, 2009, Defendant served Plaintiff with written discovery consisting of written interrogatories and requests for production of documents.

   2.   On January 25, 2010, Plaintiff served his discovery responses.

   3.   On February 26, 2010, Defendant filed this Motion to Compel.[6]

---

[3] Dkt. No. 48.

[4] Dkt. No. 105.

[5] Dkt. No. 109.

[6] Dkt. No. 105.

4. On February 26, 2010, Defendant filed a Request for Redaction of information on pages 21-31 of the Motion to Compel.[7]

5. On March 9, 2010, Plaintiff filed his Motion for Official Address Change and to Halt all Court Proceedings Until Previous Unseen Court Documents can be Viewed in Their Entirety and Addressed.[8]

6. On March 9, 2010, Plaintiff filed Objection to Defendant's Combined Memorandum in Support of Motion to Compel Discovery.[9]

7. On March 22, 2010, an Evidentiary Hearing and Argument was held.[10]

### III. DEFENDANT'S MOTION TO COMPEL

A. <u>Contentions of the Parties</u>

Defendant argues that Plaintiff's responses to discovery requests, specifically the 20 interrogatories, were incomplete and unresponsive. Defendant requests this Court compel Plaintiff to fully comply with Defendant's discovery requests and cure the deficiencies.

Plaintiff argues that the discovery requests are designed to produce needless and unnecessary time and money burdens that are unrelated to the claims in the case.

B. <u>Discussion</u>

A party may move for an order to compel discovery or disclosure from an opposing party. Fed. R. Civ. P. 37(a). Federal Rule 37(a)(1) requires that when a party files a motion to

---

[7] Dkt. No. 106.

[8] Dkt. 109.

[9] Dkt. 110.

[10] Dkt. 114.

compel, he must include in his motion "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Furthermore, the Local Rules mandate that "[b]efore filing any discovery motion . . . counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility for the moving party to arrange for the meeting." LR Civ P 26.04(b). The failure to follow the requirement to confer, or attempt to confer, is grounds for the court to deny the motion to compel. See Ambu, Inc. v. Kohlbrat & Bunz Corp., 2000 WL 17181, at 2 (W.D.N.C. 2000) (stating "the fact that Defendants did not confer with opposing counsel and attempt to resolve this dispute before filing the motion to compel is sufficient reason to deny the motion."); Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 656 n. 13 (D.Md. 1997) (stating that there must "have been good faith efforts to resolve the [discovery] dispute before filing the motion [to compel].").

Defendant filed this Motion to Compel on February 26, 2010, listing 20 interrogatories to which the Plaintiff either failed to provide a, or provided an inadequate, response. Defendant then asks that the Court enter an order compelling Plaintiff to file sworn answers, fully answer the interrogatories, and provide the requested documents and authorizations. In the Motion, Defendant failed to certify compliance with the good faith requirements under both the Federal and Local Rules. Accordingly, Defendant did not comply with the Federal and Local Rules, and Defendant's Motion to Compel must be **DENIED**.

C.     Decision

Because Defendant failed to include a good faith certification that the parties conferred, or attempted to confer, to resolve the issue, the Motion to Compel must be **DENIED**.

### IV. PLAINTIFF'S REQUEST FOR OFFICIAL ADDRESS CHANGE AND TO HALT ALL COURT PROCEEDINGS UNTIL PREVIOUSLY UNSEEN COURT DOCUMENTS CAN BE VIEWED IN THEIR ENTIRETY AND ADDRESSED[11]

A. <u>Contentions of the Parties</u>

In his Request, Plaintiff seeks six enumerated items from the Court:

1. Plaintiff requests his address be changed on the docket to his new address;
2. Plaintiff requests a response from the District Court explaining why he has not dismissed himself from the case;
3. Plaintiff requests an explanation from Clerk of Court as to her impartiality and neutrality in the case;
4. Plaintiff requests a response from the District Court explaining why Plaintiff's request to have the entire case decided by the District Court was not honored;
5. Plaintiff requests a response from the Court explaining why Defendant was not held in contempt of court for not complying with discovery requests;
6. Plaintiff requests a valid legal rationale for the District Court's Memorandum Opinion and Order Granting Defendant's Motion to Dismiss Dr. Zook;[12] and
7. Plaintiff requests to see the following documents, which he claims he has not had the opportunity to view or oppose:

    A. Order: Setting Evidentiary Hearing and Argument on Defendant's Motion to Compel for March 22, 2010 (Dkt. No. 107);
    B. Return Receipt as to Memorandum Opinion and Order Granting Defendant's Motion to Dismiss (Dkt. No. 104);
    C. Letter from Plaintiff to the Court (Dkt. No. 102);
    D. Certificate of Service by Defendant: Response to Plaintiff's Motion to Change Venue (Dkt. No. 101);
    E. Memorandum Opinion and Order Granting Defendant's Motion to Dismiss Dr. Zook as a Defendant (Dkt. No. 97);
    F. Certificate of Service by Defendant: Production of Phone Bills (Dkt. No. 95);
    G. Minute Order: Proceedings for Evidentiary Hearing and Argument on February 9, 2010 (Dkt. No. 94);
    H. Letter of A.S. to University Counsel (Dkt. No. 93); and

---

[11] "Request"

[12] Dkt. No. 97.

I. Letter of C.M., Interested Nonparty (Dkt. No. 92).

Defendant did not respond.

B. <u>Discussion</u>

Plaintiff's requests are somewhat confusing and sometimes indecipherable; however, Plaintiff's contentions will be addressed individually in the order they appear in Plaintiff's Request.

1. Request for Address Change

Plaintiff requests that his address be changed to his new residence. Pro se plaintiffs are required to keep the Court and opposing counsel advised of the most current address at all times.[13] Plaintiff informed the Court of his address change; therefore, Plaintiff's request for formal address change is **GRANTED**.

2. Request for Response from the District Court
Explaining why it has not dismissed Itself from the Case

Plaintiff requests a formal written response from the District Court explaining why it has yet to recuse itself from the case. Plaintiff contends a conflict exists because defense counsel is the spouse of the Clerk of Court and the District Court relies heavily on the Clerk during the disposition of the case.

On January 6, 2010, Plaintiff filed a Proposed Order and Memorandum in Support for a change in venue.[14] In the Order and Memorandum, Plaintiff suggests a conflict exists because of the relationship between defense counsel and the Clerk of Court. Further, Plaintiff alleges a

---

[13] <u>See</u> <u>Notice of General Guidelines for Appearing Pro Se in Federal Court</u>

[14] Dkt. No. 73.

conflict exists because of the socioeconomic status shared by the District Court, defense counsel and the Clerk of Court, and Defendant. On February 1, 2010, the District Court issued an Order construing Plaintiff's Proposed Order and Memorandum as a Motion for Transfer of Venue and ordered Defendant to respond to the motion.[15] Defendant filed a Response in Opposition of Plaintiff's Motion to Change Venue on February 16, 2010.[16]

It appears Plaintiff is confused about a judge's law clerk, who is a part of the judge's staff, and the Clerk of Court, who is the chief executive officer for the administration of the United States District Court for the Northern District of West Virginia. However, because this issue is being decided by the District Court, this Court must **<u>DENY</u>** Defendant's request. See Stiener v. Apple Computer, Inc., 2007 WL 4219388, at 2 (N.D. Cal. 2007) (dismissing two pending motions because they are redundant to the one being decided in the opinion).

3. Request for an Explanation from Clerk of Court as to her
Impartiality and Neutrality in the Case

Plaintiff appears to challenge the Clerk's neutral and impartial participation in jury selection. Plaintiff makes no specific allegations other than that the Clerk is married to counsel for Defendant. Plaintiff cites no facts to support his theory, nor does Plaintiff cite any authority to suggest that the Clerk of Court must explain her partiality.

All jurors are chosen according to the <u>Plan Prescribing Method for Composition of Jury Wheels and the Qualification and Random Selection of Grand and Petit Jurors</u>, which is in accordance with 28 U.S.C. § 1863. This method is approved by the United States Court of

---

[15] Dkt. No. 84.

[16] Dkt. No. 98.

Appeals for the Fourth Circuit and implemented by the jury administrator. The Clerk of Court is not involved in the selection process. Accordingly, Plaintiff's request is **DENIED**.

    4. Request for Response from the District Court Explaining why Plaintiff's
Request to Have the Entire Case Decided by the District Court was not Honored

Plaintiff appears to disagree with this Court's handling of evidentiary matters in the case and requests a written response from the District Court explaining why certain motions were referred to this Court.

Title 28 United States Code section 636 expressly provides that a district judge may refer both dispositive and nondispositive motions for consideration by a magistrate judge. The same section also provides that a magistrate judge can enter an order deciding a nondispositive motion and make a report and recommendation to the court on dispositive motions. 28 U.S.C. § 636(b) (West 2010). Therefore, Plaintiff's request is totally baseless, and the request is **DENIED**.

    5. Request for Response from the Court Explaining why Defendant was not Held in
Contempt of Court for not Complying with Discovery Requests

Plaintiff requests an explanation as to why Defendant was not held in contempt of court for failing to comply with discovery requests. Simultaneously filed herewith is an Order denying Plaintiff's previously filed Motion to Compel,[17] which requested that the Court compel Defendant to comply with Plaintiff's discovery requests. The Court speaks through its orders and has already provided a legal basis for its decision. Accordingly, Plaintiff's request is **DENIED**.

    6. Request for Valid Legal Rationale for the District Court's Memorandum Opinion
and Order Granting Defendant's Motion to Dismiss Dr. Zook

---

[17] Dkt. No. 75.

Plaintiff requests that the Court provide a valid legal rationale for Granting Defendant's Motion to Dismiss Defendant Zook.  Specifically, Plaintiff contends that releasing culpability from an individual and placing it on the institution will influence the jury.

The District Court filed an extensive memorandum and opinion setting forth the basis for dismissing Dr. Zook as a defendant in its Memorandum Opinion and Order Granting Defendant's Motion to Dismiss Dr. Zook as a Party Defendant for Misjoinder entered on February 12, 2010, and listed on the docket as Document Number 97.  Accordingly, Plaintiff's request must be **<u>DENIED</u>**.

### 7.  Request to View Documents

Plaintiff contends that he has not had the opportunity to view nine enumerated documents in their entirety and requests to stay all proceedings until he has time to view and respond to the documents.

Each item Plaintiff requested was sent to him upon filing.  In fact, Plaintiff's Request includes, for each supposed unseen document, the Notice of Electronic Filing, which indicates that each document was electronically mailed to Plaintiff upon its filing.  The CM-ECF System is set up to show, and would show, if the account did not receive the electronic notice.  There is no doubt that the account provided by Plaintiff to the Clerk's office received the email.  However, the Court has no clue if Plaintiff actually checked the email account.  Accordingly, Plaintiff's request must be **<u>DENIED</u>**.

C. <u>Decision</u>

Plaintiff's Request No. 1 - request for formal address change is **GRANTED**.  The Clerk is directed to change Plaintiff's address on the docket.  Plaintiff's Request Nos. 2-7 are **DENIED**.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**

DATED: March 29, 2010

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE