**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**STEPHEN A. ALBERTS, II,**

      **Plaintiff,**

**v.**                                          **Civ. Action No. 5:09-CV-109**

**WHEELING JESUIT UNIVERSITY,**

      **Defendant.**

**AMENDED ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S FORMAL REQUEST
FOR OFFICIAL ADDRESS CHANGE AND TO HALT ALL COURT PROCEEDINGS
UNTIL PREVIOUSLY UNSEEN COURT DOCUMENTS CAN BE VIEWED IN THEIR
ENTIRETY AND ADDRESSED**

On March 22, 2010, came the above named Plaintiff Steven A. Alberts via telephone and

the above named Defendant Wheeling Jesuit University, by Eric Santos, in person, for an

evidentiary hearing and argument on Defendant's Motion to Compel[1] and Plaintiff's Formal

Request for Official Address Change and to Halt all Court Proceedings Until Previous Unseen

Court Documents can be Viewed in Their Entirety and Addressed.[2]  Testimony was not taken,

and no other evidence was introduced.

## I.  INTRODUCTION

A.    Background

This action was initiated on April 6, 2009, by the filing of a Motion to Proceed In Forma

Pauperis by Plaintiff in the United States District Court, Western District of Pennsylvania.  On

---

[1] Dkt. No. 105.

[2] Dkt. No. 109.

1

September 30, 2009, the case was transferred to the United States District Court, Northern District of West Virginia.[3]

B.    The Motions

1.    Defendant's Motion to Compel[4]

2.    Plaintiff's Formal Request for Official Address Change and to Halt all Court Proceedings Until Previous Unseen Court Documents can be Viewed in Their Entirety and Addressed[5]

C.    Decision

1.    Because Plaintiff failed to comply with the discovery rules with regard to interrogatories, the Motion to Compel must be **GRANTED**.  Plaintiff is to provide complete responses to all interrogatories within ten (10) days from the date of this Order.

2.    Plaintiff's motion is unchanged.  Plaintiff's Request No. 1 - request for formal address change is **GRANTED**.  The Clerk is directed to change Plaintiff's address on the docket. Plaintiff's Request Nos. 2-7 are **DENIED**.

## II.  FACTS

1.    On December 29, 2009, Defendant served Plaintiff with written discovery consisting of written interrogatories and requests for production of documents.

2.    On January 25, 2010, Plaintiff served his discovery responses.

---

[3] Dkt. No. 48.

[4] Dkt. No. 105.

[5] Dkt. No. 109.

3.        On February 26, 2010, Defendant filed this Motion to Compel.[1]

4.        On February 26, 2010, Defendant filed a Request for Redaction of information on pages 21-31 of the Motion to Compel.[2]

5.        On March 9, 2010, Plaintiff filed his Motion for Official Address Change and to Halt all Court Proceedings Until Previous Unseen Court Documents can be Viewed in Their Entirety and Addressed.[3]

6.        On March 9, 2010, Plaintiff filed Objection to Defendant's Combined Memorandum in Support of Motion to Compel Discovery.[4]

7.        On March 22, 2010, an Evidentiary Hearing and Argument was held.[5]

8.        On March 30, 2010, the Court entered an Order Denying Defendant's Motion to Compel and Granting in Part and Denying in Part Plaintiff's Motion to Change Address and Halt Proceedings Until Previously Unseen Court Documents can be Viewed in their Entirety and Addressed.[6]

9.        On March 31, Defendant filed its Objections to the Court's Order of March 30, 2010.[7]

---

[1] Dkt. No. 105.

[2] Dkt. No. 106.

[3] Dkt. No. 109.

[4] Dkt. No. 110.

[5] Dkt. No. 114.

[6] Dkt. No. 119.

[7] Dkt. No. 120.

# III.  DEFENDANT'S MOTION TO COMPEL

A.      Contentions of the Parties

Defendant argues that Plaintiff's responses to discovery requests, specifically Interrogatory Nos. 1, 2, and 4-21, were incomplete and unresponsive.  Defendant requests this Court compel Plaintiff to fully comply with Defendant's discovery requests and cure the deficiencies.

Plaintiff argues that the discovery requests are designed to produce needless and unnecessary time and money burdens that are unrelated to the claims in the case.

B.      Discussion

Unless limited by a court order, parties in civil litigation enjoy broad discovery as detailed in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who knows of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

"[T]he discovery rules are given 'a broad and liberal treatment.'"  Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)).  However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise

appropriate control over the discovery process").[1]  To be relevant, the information sought must be "'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"  Hickman, 329 U.S. at 501.

Federal Rule of Civil Procedure 33 governs interrogatories.  It states that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."  "In responding to interrogatories, all parties are bound to provide 'true, explicit, responsive, complete and candid answers.'"  Huthnance v. District of Columbia, 255 F.R.D. 285, 293 (D. D.C. 2008) (citing Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash., 103 F.R.D. 52, 61 (D. D.C. 1984)).  All objections must be stated with specificity and any objection not raised is waived.  Fed. R. Civ. P. 33(b)(4).  "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection.  Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).  "The fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories.  Interrogatories are not limited to facts which are exclusively or peculiarly within the knowledge of the interrogated party.  The fact that the information sought is equally available to the interrogator, or is a matter of public record, does not render the interrogatories objectionable."  Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 245

---

[1] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions.  It recognizes the reasons for this and acknowledges them.

(N.D.W.V. 1970) (quoting 2A Barron & Holtzoff, Federal Practice and Procedure § 766 (1961)).

A party may move for an order to compel discovery or disclosure from an opposing party. Fed. R. Civ. P. 37(a). Federal Rule 37(a)(1) requires that when a party files a motion to compel, he must include in his motion "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Furthermore, the Local Rules mandate that "[b]efore filing any discovery motion . . . counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility for the moving party to arrange for the meeting." LR Civ P 26.04(b). The failure to follow the requirement to confer, or attempt to confer, is grounds for the court to deny the motion to compel. See Ambu, Inc. v. Kohlbrat & Bunz Corp., 2000 WL 17181, at 2 (W.D.N.C. 2000) (stating "the fact that Defendants did not confer with opposing counsel and attempt to resolve this dispute before filing the motion to compel is sufficient reason to deny the motion."); Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 656 n. 13 (D.Md. 1997) (stating that there must "have been good faith efforts to resolve the [discovery] dispute before filing the motion [to compel]."). Motions to compel responses to interrogatories are governed by Federal Rule of Civil Procedure 37(a)(3)(B). This Rule provides that parties may move for an order compelling a response to interrogatories submitted under Rule 33. Fed. R. Civ. P. 37(a)(3)(B)(iii).

After reading Defendant's Objections, the Court acknowledges that a good faith effort was made and has no valid excuse as to why the Court overlooked it. Accordingly, the Court

will address each of Defendant's discovery requests individually in the order they appear in Defendant's Motion to Compel.

> Interrogatory No. 1: Fully identify the plaintiff by giving his full name, age, date of birth, residence, business address, current occupation or employment, driver's license number, and social security number.

Plaintiff's response included his age, date of birth, business address, and current employment. Plaintiff objected to the request for and refused to provide his driver's license number because "it has no more bearing on this case than Dr. Zook's" and his social security number because "though irrelevant to the EEOC charges, [it] is already on file and readily available to [Defendant]."

Defendant argues that the information is reasonably calculated to lead to the discovery of admissible evidence and is relevant to verifying the truth of Plaintiff's professional resume. Plaintiff contends that the request is "ludicrous" and states that the "request goes beyond a Defense that repudiates Plaintiff's charges and steps directly into the path of libel and slander that embodies qualities of a future Tortious Interference of a Business Relationship Suit that Defense will eventually face if these slurs continue . . . ."

Plaintiff objected on the basis of irrelevance and availability, neither of which are valid objections. Momah, 164 F.R.D. at 417; Rogers, 51 F.R.D. at 245. Additionally, the information is relevant under the broad discovery standards. Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No. 1 within ten (10) days from the date of this Order.

> Interrogatory No. 2: Provide the address of plaintiff's residences during the past fifteen (15) years.

In his response, Plaintiff objects to the question because the information does not relate to the EEOC charge.

Defendant argues that the information is relevant and reasonably calculated to lead to admissible evidence under Fed. R. Civ. P. 26(b). Specifically, Defendant asserts that it has the right to uncover any evidence, which would verify the truth of Plaintiff's professional resume. Plaintiff argues, somewhat confusingly, that the information requested is listed on personnel documents dating back to 1997; therefore, Defendant has already been provided with the information. Additionally, Plaintiff argues that the information is only for conducting further unwarranted background checks.

Plaintiff objected on the bases of relevance and previous accessibility neither of which are valid objections. Momah, 164 F.R.D. at 417; Rogers, 51 F.R.D. at 245. Additionally, the information sought is relevant under the broad discovery standards because this is an employment discrimination case. Therefore, Plaintiff is to provide a complete response to the question asked in Interrogatory No. 2 within ten (10) days from the date of this Order.

> Interrogatory No. 4 and subparts (A) and (B): Identify each expert whom you expect to call as a witness at trial and fully describe all matters, to which each such expert is expected to testify, and the basis therefor. Include the full name of each such witness as well as his or her current business address and residence address, a complete listing of the qualifications upon which each such witness will be qualified as an expert, the subject matter on which each such expert is expected to testify, the facts and opinion to which each such expert is expected to testify, the grounds for each opinion, the compensation each expert will receive, and each legal proceeding, in which the expert has served as a specially retained expert.
>
> (A) For each expert identified above, produce his or her current Curriculum Vitae, professional resume, and professional profile.
>
> (B) Produce each report prepared by or for each such expert for this litigation.

In his response, Plaintiff provided the names of fact witnesses and the names of people he intends to call as witness for trial.

Defendant argues that Plaintiff's response is unresponsive and Defendant is entitled to the information pursuant to Fed. R. Civ. P. 26(a)(2)(A), (B), and (C) and Fed. R. Civ. P. 26(e)(2). Plaintiff argues that he already provided expert credentials for Suzanne LaPlant and additional information may be obtained by contacting her employer.

"In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). The "disclosure must be accompanied by a written report - prepared and signed by the witness" including the witness's opinion and reasons for and information used to form the opinion, any exhibits to be used in support, the witness's qualifications, a list of cases in which the witness testified as a witness, and a statement of compensation. Fed. R. Civ. P. 26(a)(2)(B). Plaintiff's response included those he intends to call as fact witnesses and is, therefore, not in compliance with the Federal Rules and is unresponsive. Fed. R. Civ. P. 26(a)(2); <u>Huthnance</u>, 255 F.R.D. at 293. Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No. 4 within ten (10) days from the date of this Order.

<u>Interrogatory No. 5 and subparts (C) - (H)</u>: Identify each and every lay witness, whose testimony you expect or may need to present at trial by stating his or her name, address, and telephone number.

(A) Produce all documents and other tangible things concerning each lay witness's knowledge concerning any facts, events, and occurrences alleged in the Amended Complaint or any injuries or damages claimed by the plaintiff.

(B) Produce all statements (written or recorded) and communications (including emails) by each lay witness concerning any facts, events, and occurrences alleged in the Amended Complaint or any injuries or damages claimed by the plaintiff.

(C) Produce all statements (written or recorded) and communications (including emails) by the plaintiff concerning any facts, events, and occurrences alleged in the Amended Complaint or any injures or damages claimed by the plaintiff.

(D) Produce all statements (written or recorded) and communications (including emails) by any University representative concerning any facts, events, and occurrences alleged in plaintiff's Amended Complaint or any injuries or damages claimed by the plaintiff.

(E) Produce all statements (written or recorded) and communications (including emails) by any other persons concerning any facts, events, and occurrences alleged in plaintiff's Amended Complaint or any injuries or damages claimed by the plaintiff.

In his response, Plaintiff indicates that a pdf in CD format includes all the answers and is attached to Plaintiff's response.

Defendant argues that Plaintiff's answer is incomplete because in a handwritten note provided with Plaintiff's discovery responses, Plaintiff indicated that in trying to recreate the CD his laptop froze leaving Plaintiff unable to produce the pdf at the time. Defendant argues that the information is relevant and reasonably calculated to lead to admissible evidence under Fed. R. Civ. P. 26(b). Plaintiff contends, again somewhat confusingly, that Defendant can easily attain a copy of the CD because it is already in the court records. Additionally, Plaintiff asserts he is willing to accept a new laptop from Defendant in order to rewrite the CD.

The Court must address a few problems with Plaintiff's response. First, Plaintiff claims the information is located on a CD and his laptop containing the files crashed rendering him unable to produce another copy. However, the court finds it somewhat troubling and interesting that Plaintiff states he is "certainly willing to accept a new laptop as a gift from Defense in order

to (re) write a new evidence CD that [Defendant] might view. . . . Similarly, Plaintiff would be happy to meet with Defense here in Washington, PA and do a reciprocal technical computer inspection." (Dkt. No. 110, P. 2). If the laptop crashed, how exactly does Plaintiff plan engaging in a reciprocal technical computer inspection. Further, Plaintiff claims he is unable to make another copy of the information because his laptop crashed. It seems obvious to the Court that Plaintiff must have the information stored on a memory device, and if that is the case, Plaintiff failed to produce it as requested by Interrogatory No. 19 and subpart (CC). Second, Plaintiff claims the information is available to Defendant because it is on file with the Court. The Court must assume the CD is on file with the Fourth Circuit. Either way, objecting on the basis of availability is not a valid objection. Rogers, 51 F.R.D. at 245. Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No. 5 within ten (10) days from the date of this Order.

> Interrogatory No. 6 subpart (I): State in detail each and every fact, which supports plaintiff's allegation that his working conditions at the University were intolerable. (I) Produce all documents and other tangible things, which support plaintiff's answer to this interrogatory or upon which his answer is based.

In his response, Plaintiff states that the document is in electronic form on a CD attached to the response.

Defendant argues that Plaintiff's answer is incomplete because Plaintiff failed to attach the CD. Further, Defendant argues that the information is relevant and reasonably calculated to lead to admissible evidence under Fed. R. Civ. P. 26(b). The Court is unable to find a responsive argument from Plaintiff.

Plaintiff asserts the responses are in electronic format on the attached CD but failed to attach the CD. In addition to the concerns expressed under Interrogatory No. 5 with regard to

Plaintiff's claims regarding his computer, the Court finds this response to be unresponsive because no CD was provided.  Huthnance, 255 F.R.D. at 293.  Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No. 6 within ten (10) days from the date of this Order.

> Interrogatory No. 7 and subpart (J): State in detail each and every fact, which supports plaintiff's allegation that he was forced to resign his employment or not seek a renewal of his contract for the 2007-08 academic year.
>
> (J) Please produce all documents and other tangible things, which support plaintiff's answer to this interrogatory or upon which his answer is based.

In his response, Plaintiff states that the document is in electronic form on a CD attached to the response.

Defendant argues that Plaintiff's answer is incomplete because Plaintiff failed to attach the CD.  Further, Defendant argues that the information is relevant and reasonably calculated to lead to admissible evidence under Fed. R. Civ. P. 26(b).  The Court is unable to find a responsive argument from Plaintiff.

Plaintiff asserts the responses are in electronic format on the attached CD but failed to attach the CD.  In addition to the concerns expressed under Interrogatory No. 5 with regard to Plaintiff's claims regarding his computer, the Court finds this response to be unresponsive because no CD was provided.  Huthnance, 255 F.R.D. at 293.  Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No. 7 within ten (10) days from the date of this Order.

> Interrogatory No. 8, and subparts (K)-(N): Fully identify and describe the nature of each and every job reference (whether positive, negative, or neutral) provided by any University employee, agent, or representative, (including any University dean or faculty member) to a prospective employer of the plaintiff.  Include the date when the reference was given; the name, address, and job title of the person,

who provided the reference; and the name and address of the prospective employer and the employer's representative, to whom the reference was given.

(K) Produce all documents concerning each and every job reference given by any employee, agent, or representative of the University to a prospective employer of the plaintiff.

(L) Produce all communications with any "professional reference checking service," including the "Global Verification Service of Rochester, MI."

(M) Produce all documents concerning any reference checks with the University conducted by any person for or on plaintiff's behalf.

(N) Produce all other documents and other tangible things, which support plaintiff's answer to this interrogatory or upon which his answer is based.

In his response, Plaintiff initially objected to the interrogatory on the basis that it was not his responsibility to prove his past references. Plaintiff's responses to (K) and (N) indicate that the information is on the CD attached to the document. Plaintiff responds to (L) stating that he is no longer able to produce summary documents indicating his communications with professional reference checking services because his account has expired. Plaintiff responds to (M) by stating that Defendant's land line phone records can verify the actual statistics far better than Plaintiff regarding the exact number.

First, Defendant argues that Plaintiff's objection is inappropriate because the interrogatory seeks information concerning the references that Defendant gave to prospective employers. Defendant contends that this information is relevant and reasonably calculated to lead to admissible evidence under Fed. R. Civ. P. 26 concerning Plaintiff's putative negative reference retaliation claim against Defendant. Next, Defendant argues that Plaintiff's response to (K) and (N) is unresponsive because Plaintiff failed to attach the CD, and, with respect to (K), Plaintiff does not specifically describe the specific nature of the substance of the prospective job

references. Finally, with respect to (L)-(N), Defendant argues that Plaintiff's response is unresponsive and incomplete. Defendant argues that the information sought is relevant and reasonably calculated to lead to admissible evidence concerning Plaintiff's putative negative reference retaliation claim against Defendant.

Plaintiff contends that he has already answered Interrogatory No. 8 and Defendant already has information pertaining to prior reference checks. Additionally, Plaintiff asserts that the references submitted to new prospective employers are the same as those submitted to Dr. Zook in 2006.

As to Plaintiff's objection that it is not his responsibility to prove his past references, that is not the information that the interrogatory seeks. Rather, the interrogatory seeks references Defendant gave to prospective employers. Therefore, Plaintiff's answer is not responsive. Huthnance, 255 F.R.D. at 293. Plaintiff states that the information sought in (K) and (N) is on the attached CD. In addition to the concerns expressed in Interrogatory No. 5 with regard to Plaintiff's claims regarding his computer, the Court finds this response to be unresponsive because no CD was provided. Id. With respect to (M), Plaintiff states that the information is already available to Defendant in form of Defendant's phone records. Availability is not a valid basis for objection to an interrogatory. Rogers, 51 F.R.D. at 245.

Finally, Plaintiff claims that the information sought in (L) is no longer available because his account has expired. Objections are permissible under Rule 33 provided they are stated with specificity and answered to the extent the interrogatory is not objectionable. Mere recitation of familiar litany that an interrogatory is overly broad, burdensome, oppressive, and irrelevant does not suffice as specific objection to the interrogatory. Miller v. Pruneda, 236 F.R.D. 277

14

(N.D.W.V. 2004). Objecting parties must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory was not relevant or how each question was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. Roesberg v. Johns-Manville Corp., 85 F.R.D. 292 (E.D.Pa. 1980). Though Plaintiff claims his account his expired and, therefore, he is unable to produce the communications, Plaintiff mentions an "electronically generated automated email [] sent when Ms. LaPlante completed the task" and documented summaries of phone conversations between Plaintiff and Ms. LaPlante. If this information was not disclosed previously, Plaintiff must disclose the information and completely answer the questions asked in Interrogatory 8 within ten (10) days of the date of this Order.

> Interrogatory No. 9 and subparts (O)-(Q): Fully identify and describe the nature of each and every complaint, objection, or report of harassment, discrimination, retaliation, or wrongdoing made by the plaintiff while employed by the University. Include the time, date, and place when made; the name, address, and job title of the person to whom it was made; and the name and address of each person who was present or had knowledge of the complaint, objection, or report.
>
> (O) Produce all documents concerning any complaint, objection, or report of harassment or discrimination made by plaintiff during his employment with the University.
>
> (P) Produce all documentation concerning the alleged harassment, discrimination, or retaliation, which was the subject of any complaint, objection, or report made by the plaintiff.
>
> (Q) Produce all other documents and other tangible things, which support plaintiff's answer to this interrogatory or upon which his answer is based.

In his response, Plaintiff states that the complaints were all verbal complaints directly made to Dr. Zook. Plaintiff also references complaints documented in emails, which are on the CD attached to the document.

Defendant argues that Plaintiff's answer is incomplete and unresponsive because Plaintiff failed to attach the CD and, even though Plaintiff asserts the complaints were made verbally, Plaintiff failed to specifically describe the nature and substance of the complaints. Plaintiff contends that he complained to Dr. Zook about the intolerable working conditions numerous times via email and in person. The emails, according to Plaintiff, are on the CD.

Plaintiff failed to fully and specifically describe the nature of every complaint made. Plaintiff first states that the complaints were made verbally made but changes course stating that complaints are documented in emails. Regardless, Plaintiff failed to produce a "true, explicit, responsive, complete, and candid answer[]." Huthnance, 255 F.R.D. at 293. Additionally, Plaintiff asserts the responses are in electronic format on the attached CD but failed to attach the CD. In addition to the concerns expressed under Interrogatory No. 5 with regard to Plaintiff's claims regarding his computer, the Court finds this response to be unresponsive because no CD was provided. Id. Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No. 9 within ten (10) days from the date of this Order.

> Interrogatory No. 10 and subparts (R)-(S): Provide a computation of each category of damages claimed by the plaintiff that identifies each item of damage or loss and includes the basis for computation.
>
> (R) For each computation of damages, produce each and every document and all other evidentiary material that supports the computation or upon which the computation is based.
>
> (S) Produce all documents that support the plaintiff's claim for damages, including any past and future financial losses. Include all documents that support or upon which the damages claimed in plaintiff's Financial Damages Per Rule 26(a)(1)(A)(iii).

In his response, Plaintiff states that the WJU Financial Damages were submitted to Defendant on December 3, 2009, and it has since been revised with the revision on the CD.

Defendant argues that the answer is incomplete because the CD was not attached and Plaintiff has failed to produce documents and other evidentiary material supporting damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii).  Plaintiff contends that Defendant has a prior version of the WJU Financial Damages Document for referencing until the CD can be copied and sent to Defendant.

Plaintiff asserts the responses are in electronic format on the attached CD but failed to attach the CD.  In addition to the concerns expressed under Interrogatory No. 5  with regard to Plaintiff's claims regarding his computer, the Court finds this response to be unresponsive because no CD was provided. Huthnance, 255 F.R.D. at 293.  Additionally, accessibility is not a valid objection to an interrogatory.  Rogers, 51 F.R.D. at 245.  Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No. 10 within ten (10) days from the date of this Order.

> Interrogatory No. 11 and subpart (U): Describe fully and completely all income, which the plaintiff had or received or earned both during and after his employment with the University.  Include in the description the total amount of income received, the source of each item of income, and when or for what period of time it was received.
>
> (U) Produce all local, state, and federal income tax returns filed by plaintiff, whether individually or jointly, for tax year 1997 and for each tax year thereafter up until the date of trial.  Include all schedules, attachments, W-2 forms, and 1099 forms.  Sign and return the attached authorizations to enable the defendant to obtain true and authentic copies of these records.  Copies will be provided to the plaintiff at the defendant's expense.

Plaintiff's response gives his salary for the 2006-2007 academic year and attached a letter confirming the amount.  Also in his response, Plaintiff states that he has relied on unemployment income since leaving WJU and the income is confirmed in the attached 1099 earning reports for 2008 and 2009.  Any additional income, Plaintiff asserts, will be compiled up to the date of the

trial and visibly verified by court officials as requested. Finally, Plaintiff objects to the production of documents prior to his resignation as being irrelevant and states he has had no income beyond unemployment shown on the attached 1099 forms.

Defendant argues that the tax returns are relevant and meet the discovery standard with regard to proving Plaintiff's alleged damages for back-pay, his alleged inability to meet child-support and other financial obligations, and his alleged personal damages for loss of employment options. Plaintiff contends that many of the requested items are not easily accessible because they are located in a storage shed; however, they will be proven before trial. Additionally, Plaintiff contends that he supplied W-2 forms, which are an acceptable alternative source of the information requested.

A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." Hinkle v. City of Clarksburg, West Virginia, 81 F.3d 416, 426 (4th Cir. 1996) (citations omitted). Though tax returns are not privileged, courts are reluctant to order their routine disclosure as part of discovery. S.E.C. v. Cymaticolor Corp., 106 F.R.D. 545, 547 (D.C.N.Y. 1985). "The decision to disclose the returns involves a balancing of the policy of liberal

discovery against the policy of maintaining the confidentiality of tax returns." Id. Courts may order the disclosure of tax returns after conducting a two-prong test: 1) determining whether the tax returns are relevant and 2) determining whether there is a compelling need for the returns because the information is not otherwise readily acceptable. Id.

Defendant argues that the tax returns are relevant and reasonably calculated to lead to admissible evidence concerning Plaintiff's alleged damages for back-pay, his alleged inability to meet child-support and other financial obligations, and his alleged personal damages for loss of employment options. In an employment discrimination case, the District Court for the Eastern District of Arkansas found the tax returns the defendant employer sought from the former employee plaintiffs were relevant. The Court stated that "[o]ne of the purposes for an award under Title VII is to make a person whole for injuries caused by the illegal employment discrimination . . . ." Dunlap v. Midcoast-Little Rock, Inc., 166 F.R.D. 29, 30 (E.D. Ark. 1995). Here, Plaintiff is alleging damages for back-pay, inability to meet financial obligations, and personal damages. The tax returns are relevant to Plaintiff's allegations. Therefore, the first prong is satisfied.

Under the second prong, the non-moving party must show that the information in the return is readily available from another source. In his response to Defendant's motion to compel, Plaintiff contends that many of the items are located in his storage facility and not easily accessible. However, Plaintiff continues asserting that they "DO CONCRETELY EXIST WHICH, [sic] WILL BE LATER PROVEN BEFORE TRIAL." (Dkt. No. 110, P. 2). Plaintiff also supplied W-2 forms, which Plaintiff contends are an acceptable alternate source of the same information. Though the Court can appreciate that the forms may not be easily accessible

because of their location, an objection to an interrogatory for being burdensome is inappropriate. Momah, 164 F.R.D. at 417. Perhaps more telling of the inappropriateness of the inaccessible contention is that Plaintiff states their identity will be proven before trial. Additionally, Plaintiff contends that the information is contained in the W-2 forms. The Court must take issue in two respects with Plaintiff's contention. First, Defendant requested Plaintiff's income records for during and after his employment at WJU including pay stubs, checks, W-2s, 1099s, and earning reports. However, Plaintiff attached only a salary confirmation and 1099 forms for 2008 and 2009 and objected to the production of tax returns, schedules, attachments, W-2 forms, and 1099 forms as irrelevant. Therefore, Plaintiff's response was incomplete in that it did not provide the information for all years requested. Huthnance, 255 F.R.D. at 293. Second, tax records reveal income information not contained in W-2 forms, and courts can enter protective orders to protect the public disclosure of private information. See Maddow v. Procter and Gamble Company, Inc., 107 F.3d 846, 853 (11th Cir. 1997) (finding that the district court did not abuse its discretion where tax records were arguably relevant).

Because Plaintiff is not able to meet his burden that the information is readily obtainable from another source, Plaintiff is to provide a complete response to the questions asked in Interrogatory No.11 within ten (10) days from the date of this Order.

> Interrogatory No. 12 and subpart (V): Fully and completely describe plaintiff's post secondary education. Include the name and address of each institution of high education, in which the plaintiff enrolled or matriculated or which the plaintiff attended; the enrollment or matriculation date; the dates of attendance; the date of any withdrawal or expulsion; what degree, if any was obtained; the date the degree was conferred.
>
> (V) Produce an official transcript from each post-secondary educational institution plaintiff attended by signing the enclosed authorizations to enable the

defendant to obtain true and authentic copies of plaintiff's education records.
Copies of such records will be provided to the plaintiff at defendant's expense.

Plaintiff objected to the interrogatory as being irrelevant. Additionally, Plaintiff stated

that WJU received a copy of his official transcripts prior to being hired in 2006.

Defendant argues that Plaintiff's response is incomplete and the objection is improper.

Defendant argues the response is incomplete because after objecting, Plaintiff lists his post-

undergraduate degrees but fails to describe from where and the date he obtained his

undergraduate degree. Defendant argues the information in (V) is relevant, under the discovery

rules, because Plaintiff has alleged unfair and unequal expectations for female department

members. Defendant, therefore, has a right to determine and verify Plaintiff's education.

Plaintiff contends that Defendant already has the answer to this interrogatory. Plaintiff further

contends that requests for official transcripts are "a waste of time and energy" as WJU already

procured the official documents in 2006.

Plaintiff is alleging unfair and unequal expectations for female department members;

therefore, Plaintiff's educational records are relevant and his objection inappropriate. Momah,

164 F.R.D. at 417. Additionally, Plaintiff responded that Defendant has his educational records

on file. The fact that Defendant already has the information is not a valid objection. Rogers, 51

F.R.D. at 245. Therefore, Plaintiff is to provide a complete response to the questions asked in

Interrogatory No.12 within ten (10) days from the date of this Order.

Interrogatory No. 13 and subpart (W): Fully and completely describe plaintiff's
work and employment history since he was graduated from high school. Include
all self-employment, jobs, and occupations held; the name, address, and telephone
number of each employer and plaintiff's immediate supervisor; the dates of the
employment or self-employment; the position held; the rate of pay and all benefits
received or for which he was or is eligible; whether the plaintiff's employment

ended voluntarily or involuntary; and the reasons why the plaintiff's employment ended.

(W) Produce all documents, including job descriptions, pay stubs, summary plan descriptions, plan documents, employee handbooks, personnel policies, pamphlets, brochures, election and enrollment forms, concerning (i) the position held by said plaintiff, (ii) the duties and responsibilities of the position, (iii) the rate of pay, and (iv) all benefits (including leave benefits, disability benefits, health care benefits, retirement benefits, life insurance, child care or other fringe benefits) received or for which said plaintiff was or is eligible from any employment which the plaintiff has or has had. Sign and return the enclosed authorizations to enable the defendant to obtain true and authentic copies of plaintiff's employment records. Copies of such records will be provided to the plaintiff at defendant's expense.

Plaintiff objects to the interrogatories on two separate bases. First, Plaintiff states that if there were reference issues, they should have been addressed in 2006 when Plaintiff was hired. Second, and as to (W), Plaintiff objects asserting that the information is irrelevant. Plaintiff states that WJU had ample time and opportunities to request the information at the time of his hiring in 2006.

Defendant first argues that the interrogatory does not seek Plaintiff's past references. Defendant next argues that Plaintiff has alleged unfair and unequal expectations for female department members and has sought reinstatement to his former position; therefore, the information sought is relevant pursuant to the discovery rules, and Defendant has the right to determine and verify all of Plaintiff's prior work experience. Finally, Defendant argues that it has the right to uncover evidence verifying the truth and correctness of Plaintiff's resume and uncover prior earnings and work records for determining damages. Plaintiff contends that the line of questioning is moot because Dr. Zook told Suzanne LaPlant that Plaintiff was not eligible for rehire at WJU and the University had conducted a prior past employment verification check.

Plaintiff's allegations all originate from Defendant's employment actions. Therefore, under the liberal discovery standards, Plaintiff's prior employment records are relevant to the case at bar. See Nat'l Union Fire Ins. Co. Of Pittsburgh, P.A., 967 F.2d at 983. Defendant is not seeking to conduct a reference check but to determine Plaintiff's prior work experience. Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No.13 within ten (10) days from the date of this Order.

>Interrogatory No. 14 and subpart (X): Describe fully and completely all other claims and legal proceedings, in which the plaintiff has been involved as a party, claimant, or witness. Include in the description the caption and case number of the case; the county and state where the action was filed; whether you were the plaintiff, defendant, claimant, or witness; the type of case and its outcome. Include all lawsuits, administrative proceedings, demands, arbitrations, claims (including all unemployment, workers' compensation, social security, disability, and insurance claims), and all court actions (including abuse and neglect, domestic violence, contempt, bankruptcy court, debt collection actions, mental-health court, and family court proceedings).

>(X) For each claim or proceeding, produce all documents, which describe the claims, defenses, and subject matter of the proceeding and its disposition.

Plaintiff objected to the interrogatory as being irrelevant. Specifically, Plaintiff asserted that he recently and voluntarily submitted to an FBI/BCI background check that clearly indicates he is not a criminal, he already stated this is his only unemployment claim, and his personal background is irrelevant to the proceeding.

Defendant argues that Plaintiff's answer is unresponsive and incomplete. Defendant argues that the information requested is permissible under the discovery standards to determine if Plaintiff has made similar kinds of allegations against employers in the past, whether he has been the subject of disciplinary action for his work performance, and whether this was part of a plan. Plaintiff contends that he has never made any "sexual discrimination or similarly related

charged aimed at any previous employer, nor has he received unemployment benefits prior to the claim filed as a result of this forced resignation.

Plaintiff objected on the basis of relevance, which is not a valid objection. <u>Momah</u>, 164 F.R.D. at 417. Moreover, to be relevant, the information sought must bear on, or reasonably lead to the discovery of a matter that will bear on, any issue that is or may become in the case. <u>Hickman</u>, 329 U.S. at 501. In this employment discrimination suit, Defendant is seeking the information to determine whether Plaintiff has previously made this type of claim against another employer and whether Plaintiff has ever been subject to any other employment disciplinary action - all of which relates to a matter bearing on the case. <u>Id</u>. Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No.14 within ten (10) days from the date of this Order.

> <u>Interrogatory No. 15 and subpart (Y)</u>: Describe fully and completely each criminal act or offense, including traffic offenses, that the plaintiff has been accused of, arrested for, or convicted of, including any convictions from a *nolo contendere* or no contest plea and any charges disposed of by a diversion or alternative resolution program. Include the offense, law violated, date of arrest, date of conviction, jurisdiction, case number, sentence imposed, and whether the offense was a felony, misdemeanor, or traffic violation.
>
> (Y) Produce all documents and records concerning any arrests, criminal record, and/or criminal convictions of the plaintiff, including a court order, judgment of conviction, citation, sentencing order or other court records. Sign and return the enclosed authorization to enable the defendant to obtain true and authentic copies of plaintiff's arrest record and criminal history, if any.

Plaintiff objected to the interrogatory on the basis that the information requested is completely unrelated to the case. Further, Plaintiff stated that he recently submitted to a FBI/BCI background check and was found to be suitable to teach in a public school.

Additionally, he held a valid West Virginia Principal's Certificate, his West Virginia driver's license was not under suspension or revocation, and his vehicle was properly insured.

Defendant argues that Plaintiff's response is unresponsive and incomplete and his objection is improper. Defendant argues it is entitled to the information pursuant to the discovery rules and Fed. R. Evid. 609(a) for the purposes of attacking Plaintiff's credibility at trial. Plaintiff contends that his recent background check is sufficient proof of his suitability and basic decency for teaching. Plaintiff also contends that if his background is requested, then all parties to the suit must submit the same information.

Plaintiff objected on the basis of relevance, which is not a valid objection. Momah, 164 F.R.D. at 417. Moreover, to be relevant, the information sought must bear on, or reasonably lead to the discovery of a matter that will bear on, any issue that is or may become in the case. Hickman, 329 U.S. at 501. Evidence of past convictions bearing on the truth and veracity of a witness may be used at trial for the purpose of attacking the character for truthfulness of the witness. Fed. R. Evid. 609(a)(2) (West 2010). Therefore, if the action proceeds to trial and Plaintiff serves as a witness at the trial, Defendant is entitled to use any past convictions that bear on Plaintiff's character for truthfulness at the trial to impeach Plaintiff. Accordingly, this interrogatory is relevant because Defendant seeks information relating to past convictions. Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No.15 within ten (10) days from the date of this Order.

> Interrogatory No. 16 and subpart (Z): Fully and completely identify each healthcare provider who or which provided any care, treatment, or services to the plaintiff since 1995. Include the health care provider's name, address, and telephone number.

(Z) Produce all of plaintiff's healthcare records by signing the enclosed authorizations to enable the defendant to obtain true and authentic copies of plaintiff's healthcare records. Copies of such records will be provided to the plaintiff at defendant's request.

Plaintiff objects to the interrogatory because the case does not dispute any healthcare coverage.

Defendant argues that the information is relevant under the discovery rules to the extent that Plaintiff, in the future, seeks damages for physical problems and/or emotional distress as a result of Defendant's alleged adverse employment actions. Aside from what appears to be Plaintiff's assertion that he currently has no health care, Plaintiff's response is incomprehensible. Plaintiff states "he now suffers from an unexplainable three year gap in his adult employment history that may be incurable. Experts have judged the cause to be retribution by an anti-male employer . . . and the only known cure is to apply a financial settlement to an entirely new career path for Dr. Alberts."

Plaintiff objected on the basis of relevance, which is not a valid objection. Momah, 164 F.R.D. at 417. Moreover, to be relevant, the information sought must bear on, or reasonably lead to the discovery of a matter that will bear on, any issue that is or may become in the case. Hickman, 329 U.S. at 501. "One of the purposes for an award under Title VII is to make a person whole for injuries caused by the illegal employment discrimination, and the award of compensatory damages for humiliation or emotional suffering is an appropriate remedy for the deprivation of a constitutional right." Dunlap, 166 F.R.D. at 30 (citing Williams v. Trans World Airlines, 660 F.2d 1267, 1272 (8th Cir. 1982)). Accordingly, the information sought is relevant to the employment discrimination claim. Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No.16 within ten (10) days from the date of this Order.

Interrogatory No. 17 and subpart (AA): Fully and completely describe any mental health condition, including by way of example any psychiatric, psychological, behavioral health, emotional, or substance abuse problem or condition, for which the plaintiff has been diagnosed, seen, examined, evaluated, treated, or referred for treatment. Include all treatment, examination, and evaluation dates and the name and address of each consulting or treating health care provider.

(AA) Produce plaintiff's treatment records, progress notes, psychotherapy notes, examination reports, test results, and other treatment records by signing the enclosed authorizations to enable the defendant to obtain true and authentic copies of plaintiff's mental health records. Copies of such records will be provided to the plaintiff at defendant's expense.

Plaintiff objected to the interrogatory because the case does not involve any mental health care issues. Further, Plaintiff inappropriately comments on Dr. Zook and Chelsey Stevens.

Defendant argues that the information is relevant and permissible under the discovery rules to the extent that Plaintiff, in the future, seeks damages for physical problems and/or emotional distress as a result of Defendant's alleged adverse employment actions. Further, Defendant argues it is entitled to uncover any admissible evidence concerning any physical and/or mental conditions which would prevent Plaintiff from working for prospective employers. Aside from what appears to be Plaintiff's assertion that he currently has no health care, Plaintiff's response is incomprehensible. Plaintiff states "he now suffers from an unexplainable three year gap in his adult employment history that may be incurable. Experts have judged the cause to be retribution by an anti-male employer . . . and the only known cure is to apply a financial settlement to an entirely new career path for Dr. Alberts."

Plaintiff objected on the basis of relevance, which is not a valid objection. Momah, 164 F.R.D. at 417. Moreover, to be relevant, the information sought must bear on, or reasonably lead to the discovery of a matter that will bear on, any issue that is or may become in the case.

Hickman, 329 U.S. at 501.  "One of the purposes for an award under Title VII is to make a person whole for injuries caused by the illegal employment discrimination, and the award of compensatory damages for humiliation or emotional suffering is an appropriate remedy for the deprivation of a constitutional right."  Dunlap, 166 F.R.D. at 30 (citing Williams v. Trans World Airlines, 660 F.2d 1267, 1272 (8th Cir. 1982)).  Accordingly, the information sought is relevant to the employment discrimination claim.  Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No.17 within ten (10) days from the date of this Order.

> Interrogatory No. 18 and subpart (BB): Describe fully and in detail all private or governmental benefits (such as workers' compensation benefits, unemployment compensation benefits, social security benefits, and private disability benefits), which the plaintiff received, whether before, during, or after his employment with the University.  Include in the description when the benefits were received, the amount of the benefits received, and the identity of the organization providing the benefits.

> (BB) Produce all documents, including all correspondence, statements, receipts, disbursement notices, checks, and check stubs, concerning the payment of private or governmental benefits to the plaintiff.

Plaintiff responds that he previously stated that the current unemployment benefits are his first and only and he has never received social security benefits.  Plaintiff objects to (BB) on the basis that information prior to his 2006-2007 WJU contract is irrelevant.

Defendant argues that Plaintiff's answer is incomplete and the information requested is relevant and permissible under the discovery rules.  Defendant asserts it is entitled to Plaintiff's entire unemployment compensation file.  Additionally, Defendant asserts that although Plaintiff indicates he attached his unemployment benefits paid in 2008-2009, Plaintiff only attached a "Workforce" document from the State of West Virginia.  Finally, Defendant argues that Plaintiff failed to indicate whether he has ever received any workers' compensation or private disability

benefits, which is permissible under the discovery rules.  Plaintiff contends that the interrogatory has no merit because disclosure already occurred.

Plaintiff's response to the interrogatory is incomplete and the objection inappropriate. First, Plaintiff states that the current unemployment award is the only unemployment award he has ever received.  Defendant requested information regarding *all* private or governmental benefits.  Plaintiff fails to state either way if he has ever received workers' compensation, social security, or private disability.  Plaintiff's answer is therefore incomplete.  <u>Huthnance</u>, 255 F.R.D. at 293.  Second, Plaintiff objects to producing any information prior to his 2006 employment with Defendant on the grounds of relevance.  An objection on the ground of relevance is not an appropriate objection.  <u>Momah</u>, 164 F.R.D. at 417.  Moreover, this information is relevant to the amount and calculation of damages in this employment discrimination case.  <u>Hickman</u>, 329 U.S. at 501.  Finally, Plaintiff states he attached to the response the unemployment benefits from 2008 and 2009.  Defendant contends that Plaintiff attached only a "Workforce" document from the State of West Virginia, which reflects the amount of unemployment compensation benefits that Plaintiff must report on his federal income tax returns.  Accordingly, Plaintiff's response is again incomplete.  <u>Huthnance</u>, 255 F.R.D. at 293.  Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No.18 within ten (10) days from the date of this Order.

<u>Interrogatory No. 19 and subpart (CC)</u>: From the time that Plaintiff began employment with the University up until the time of trial, fully identify each item of computer hardware and memory storage device used by the plaintiff (including any laptop, notebook, and desktop computers, USB drive, and hard drives). Include the time period during which each was used, each item's current location, and each item's serial number.

(CC) Produce for inspection and copying each item of computer hardware and memory storage device.

In his response, Plaintiff states his laptop can be delivered; however, he requests that the key electronic correspondences be verified at trial by calling the witnesses that sent them.

Defendant argues that Plaintiff's response is incomplete and unresponsive because Plaintiff references the laptop but does not indicate the time period used or current location of the laptop, Plaintiff makes reference to an "old 2004 model laptop," which may indicate Plaintiff used more than one laptop, and Plaintiff failed to produce for any inspection any hardware or storage devices. Defendant asserts the information is relevant and permissible under the discovery standards because the information contained on the CD may also be on the computers, Defendant is entitled to inspect the computer to verify the alleged problems, and Defendant is entitled to inspect the hard drives and storage devices to determine the substance and nature of electronic communications between Plaintiff and Defendant. Plaintiff contends he is willing to accept a new laptop as a gift from Defendant to rewrite a new CD. Additionally, Plaintiff contends Defendant already has a copy of all the information contained on the CD. Finally, Plaintiff states he "would be happy to meet with Defense here in Washington, PA and do a reciprocal technical computer inspection," and requests inspection of computers, laptops, desk tops, palm pilots, etc. of various WJU officials.

Plaintiff's response is incomplete and unresponsive. First, Defendant requested Plaintiff identify all computer hardware used during his employment, the time period used, the current location of the hardware, and the serial number. Plaintiff responded that he used an Acer 3003LCi laptop and failed to answer the remaining inquiries. Therefore, Plaintiff's answer is incomplete. Huthnance, 255 F.R.D. at 293. Additionally, Plaintiff requests that the Court verify

30

key electronic correspondences by calling as witnesses those individuals who sent the emails. This is not an appropriate point in the litigation process to make such a request. At this stage, Plaintiff must respond to Defendant's interrogatories unless he has a valid objection. Second, Plaintiff's response is unresponsive because he does not agree to produce for inspection the hardware. Id. Not only is the response unresponsive, but also the inquiry is relevant especially in light of the confusing status of Plaintiff's use of computers to make a CD that contains in pdf format various responses to Defendant's interrogatories. (See Interrogatory Nos. 5 - 10, 20, and 21). Third, Plaintiff's response is inappropriate because Plaintiff states Defendant already has a copy of all information on the CD. This is not a proper objection to an interrogatory. Rogers, 51 F.R.D. at 245. Therefore, Plaintiff is to provide a complete response to the questions asked in Interrogatory No.19 within ten (10) days from the date of this Order.

> Interrogatory No. 20 and subpart (DD): Describe completely and in detail all efforts made by the plaintiff to obtain employment during and after his employment with the University. Include the name and address of each employer, employment agency, and search firm contacted and when the contact was made.
>
> (DD) Produce all documents concerning plaintiff's efforts to obtain employment after his separation from employment with the University, including all employment applications, letters, resumes, and communications submitted to any prospective employer, employment agency, or search firm.

Plaintiff's response states that the information is detailed on a pdf on the CD.

Defendant argues that Plaintiff's answer is incomplete because Plaintiff failed to include the CD. Plaintiff contends that the interrogatory is "finitely and concretely defined on the CD."

Plaintiff asserts the responses are in electronic format on the attached CD but failed to attach the CD. In addition to the concerns expressed under Interrogatory No. 5 with regard to Plaintiff's claims regarding his computer, the Court finds this response to be unresponsive

because no CD was provided.  <u>Huthnance</u>, 255 F.R.D. at 293.  Therefore, Plaintiff is to provide a

complete response to the questions asked in Interrogatory No. 20 within ten (10) days from the

date of this Order.

> <u>Interrogatory No. 21 and subpart (EE)</u>: Describe completely and in detail all
> offers of employment received by the plaintiff during and after his employment
> with the University, including in such description the name and address of each
> employer making an offer, when the offer was made, and the rate of pay and
> benefits offered.
>
> (EE) Produce all documents concerning any offers of employment the plaintiff
> has received by the plaintiff during and after his employment with the University,
> including without limitation, documentation containing a description of the job
> offered, the terms of employment, the wages and benefits offered, and his
> acceptance or rejection of the offered employment.

In his response, Plaintiff states there were "several early interviewers [that] strongly

implied that a simple reference check would be performed only as a technicality that an offer

would be forthcoming; see pdf document entitled 'Unemployment Narrative' on CD."

Defendant argues that Plaintiff's answer is incomplete because Plaintiff failed to describe

the names of the potential employers and the dates the offers were forthcoming.  Additionally,

the CD was not attached to the responses.  Defendant argues that the information is permissible

under the discovery standards to uncover any admissible evidence about alleged negative

references by Defendant, any of Plaintiff's alleged lost employment options, and any efforts by

Plaintiff to mitigate his alleged damages.  Plaintiff contends that no job offers were made.

Plaintiff's response is both incomplete and unresponsive.  Plaintiff asserted that several

interviewers implied an offer would be forthcoming and the responses are in electronic format on

the attached CD but failed to attach the CD.  In addition to the concerns expressed under

Interrogatory No. 5 with regard to Plaintiff's claims regarding his computer, the Court finds this

response to be unresponsive because no CD detailing the offers was attached. <u>Huthnance</u>, 255

F.R.D. at 293. Therefore, Plaintiff is to provide a complete response to the questions asked in

Interrogatory No. 21 within ten (10) days from the date of this Order.

C.    <u>Decision</u>

      Because Plaintiff failed to comply with the discovery rules with regard to interrogatories,

the Motion to Compel must be **<u>GRANTED</u>**. Plaintiff is to provide complete responses to all

interrogatories within ten (10) days from the date of this Order.

## IV. PLAINTIFF'S REQUEST FOR OFFICIAL ADDRESS CHANGE AND TO HALT ALL COURT PROCEEDINGS UNTIL PREVIOUSLY UNSEEN COURT DOCUMENTS CAN BE VIEWED IN THEIR ENTIRETY AND ADDRESSED[11]

      Plaintiff's Motion was not reexamined, and the decision remains as it. Therefore,

Request No. 1 - request for formal address change is **<u>GRANTED</u>**. The Clerk is directed to

change Plaintiff's address on the docket. Plaintiff's Request Nos. 2-7 are **<u>DENIED</u>**.


      Filing of objections does not stay this Order.

      Any party may, within fourteen (14) days after being served with a copy of this Order,

file with the Clerk of the Court written objections identifying the portions of the Order to which

objection is made, and the basis for such objection. A copy of such objections should also be

submitted to District Court Judge of Record. Failure to timely file objections to the Order set

forth above will result in waiver of the right to appeal from a judgment of this Court based upon

such Order.

---

[11] "Request"

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**

DATED: April 19, 2010

/s/ *James E. Seibert*

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE