IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHEN ALAN ALBERTS, II, Ed.D.,

    Plaintiff,

v.                                     Civil Action No. 5:09CV109
                                                    (STAMP)
WHEELING JESUIT UNIVERSITY
and DR. LETHA ZOOK,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO TRANSFER CASE**
**AND DENYING PLAINTIFF'S MOTION FOR RECUSAL**

I.   Background

Stephen Alan Alberts, II, Ed.D., ("Alberts") is proceeding as a pro se[1] plaintiff in the above-styled civil action. On April 9, 2009, Alberts filed a complaint in the United States District Court for the Western District of Pennsylvania against Wheeling Jesuit University ("WJU") and Dr. Letha Zook,[2] in which Alberts alleges retaliation claims under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. On October 1, 2009, the Western District of Pennsylvania transferred this action to this Court. The plaintiff filed an interlocutory appeal to the United States Court of Appeals for the Fourth Circuit challenging the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] This Court dismissed Dr. Letha Zook as a party defendant on February 12, 2010.

change of venue on October 13, 2009. On January 29, 2010, the Fourth Circuit dismissed the appeal.

On January 6, 2010, Alberts filed a motion to move venue to Richmond, Virginia, which is in the Eastern District of Virginia. Defendant Wheeling Jesuit University filed a response in opposition. Alberts filed no reply. The plaintiff's motion to transfer is now fully briefed and ripe for review. This Court has carefully reviewed the parties' motions and related memoranda, and because the plaintiff is pro se, this Court has liberally construed the plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers). For the reasons stated below, this Court finds that the motion must be denied.

## II. Legal Standard

A. Motion to Transfer

A motion to transfer a case to another venue is subject to the provisions of 28 U.S.C. §§ 1404(a) and 1391(a). Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" where such transfer is made "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The question of where a civil action based solely on diversity of citizenship "might have been brought" is answered in 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

For a civil action which is not based wholly on diversity of citizenship, 28 U.S.C. § 1391(b) answers the question of where such action "might have been brought":

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

B. <u>Motion to Recuse</u>

Federal law requires that a judge recuse himself if a person with knowledge of the relevant facts might reasonably question his impartiality and where he has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(a). This is an objective test: "a judge must disqualify himself whenever his impartiality might reasonably be questioned." <u>United States v. Cherry</u>, 330 F.3d

3

658, 665 (4th Cir. 2003) (internal citations omitted).  The proper test for recusal is whether "another with knowledge of all of the circumstances might reasonably question the judge's impartiality."  Id. (citing In re Beard, 811 F.2d 818, 827 (4th Cir. 1987)).  The reasonable person is a "well-informed, thoughtful observer," not a "hypersensitive or unduly suspicious" person.  In re Mason, 916 F.2d 384, 386 (7th Cir. 1993).  A federal judge is not required to recuse himself "simply because of 'unsupported, irrational or highly tenuous speculation.'"  Id. (citing United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)).

### III. Discussion

#### A. Motion to Transfer

The federal law governing venue prohibits the transfer of this case to a court outside the State of West Virginia because Alberts could not have initiated this suit in any other federal district court.  For purposes of venue, the defendants are citizens of West Virginia.  The conduct and events of which Alberts complains occurred exclusively in West Virginia.  Because all of the defendants are citizens of West Virginia and all of the events giving rise to Alberts' claims occurred in West Virginia, venue lies only in West Virginia.  Therefore, this action is not one which initially "might have been brought" in a federal court outside of West Virginia.  In light of the restrictions which

4

federal venue law imposes upon the transfer of a case to another district court, this Court must deny Alberts' motion to transfer.

Furthermore, the plaintiff has not identified any additional facts that show that the Eastern District of Virginia is a more convenient forum or that venue is proper in Richmond. As mentioned above, this Court cannot transfer the action to a district where the plaintiff could not have brought the action. Moreover, the plaintiff has failed to present any evidence that the Eastern District of Virginia should be transferred for the convenience of the parties and witnesses or in the interests of justice. None of the parties reside in Virginia and none of the conduct forming the basis of the plaintiff's suit occurred in Virginia. Weighing the convenience of the parties and witnesses, this Court finds that the United States District Court for the Northern District of West Virginia provides the most appropriate venue. Accordingly, this Court finds that the circumstances and posture of this case strongly support venue in this district, and this Court would therefore decline to transfer this action even if permitted to do so under the federal venue statute.

B.  Motion to Disqualify

The motion to transfer is largely based on the plaintiff's allegations of bias in favor of the defendant, which this Court construes as a motion for recusal. The plaintiff contends that the undersigned judge has "ties on multiple social levels and every

5

reason to cooperate to maintain said status quo -- including those shared with Davit McAteer and Letha Zook that frequent the same social and political circles." The plaintiff also states that the community in which this Court sits is "small" and "isolated" and that, as a result, it is "highly probable" that the defense counsel, the Clerk of Court, and the undersigned judge dine together at each other's homes. The plaintiff's conclusory statements are made without basis. There is no such relationship that requires the undersigned judge to recuse himself. See <u>Salt Lake Tribune Pub. Co., LLC, v. AT&T Corp.</u>, 353 F. Supp. 2d 1160, 1181 (D. Utah 2005) ("[F]riends, former associates, and even foes of judges appear before them routinely. The circumstances surrounding such appearances vary widely. But such associations certainly do not automatically require a judge to disqualify himself."). The plaintiff further states that the undersigned judge has an interest in maintaining WJU's financial security because the undersigned judge lives in Wheeling. The plaintiff does not attach an affidavit to support his claims.

The plaintiff also believes that the undersigned judge is biased because the Clerk of Court is married to WJU's counsel. The plaintiff devotes several portions of his brief to the relationship between the undersigned judge and the Clerk of Court. As Magistrate Judge Seibert discussed in his previous order, a law clerk to a federal judge is a different position within the federal

court system from the Clerk of Court. The plaintiff stated in his motion that the Clerk of Court is a direct subordinate to the undersigned judge and that she has a highly influential relationship with the undersigned judge. This contention is not accurate and misstates the various positions within the courts. The Clerk of Court is an administrative position within the courts. The Clerk of Court does not have a "highly influential relationship" with the undersigned judge and the undersigned judge is not the Clerk of Court's "boss." A reasonable observer would not find that all of the judges in the Northern District of West Virginia are biased towards WJU's counsel because he is married to the Clerk of Court. Cf. United States v. Gallion, 2008 WL 1904669, *8 (E.D. Ky. Apr. 29, 2008) (finding that federal judge's professional dealings with attorney's wife, a fellow district judge, did not require recusal). As stated above, recusal is not required because of unsupported statements. Cherry, 330 F.3d at 665. As a matter of law, this Court finds pursuant to 28 U.S.C. § 455(a) that the relationship between the undersigned judge and WJU's counsel does not require recusal, as a reasonable observer would not find bias and the plaintiff has failed to provide any support for his conclusory allegations. Accordingly, this Court denies the plaintiff's motion to recuse.

## IV. Conclusion

For the above reasons, the plaintiff's motion to transfer the case to the United States District Court for the Eastern District of Virginia is DENIED. The plaintiff's motion for recusal is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:   May 12, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE