IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHEN A. ALBERTS, II,

      Plaintiff,

v.                                         Civ. Action No. 5:09-CV-109

WHEELING JESUIT UNIVERSITY,

      Defendant.

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

On March 17, 2010, came the above named Plaintiff Steven A. Alberts via telephone and the above named Defendant Wheeling Jesuit University, by Eric Santos, in person, for an evidentiary hearing and argument on Plaintiff's Motion to Compel.[1] No testimony was taken. Defendant introduced two letters and two certificates of service detailing supplemental responses to Plaintiff's discovery requests.[2]

### I. INTRODUCTION

A.    <u>Background</u>

This action was initiated on April 6, 2009, by the filing of a Motion to Proceed In Forma Pauperis by Plaintiff in the United States District Court, Western District of Pennsylvania. On September 30, 2009, the case was transferred to the United States District Court, Northern District of West Virginia.[3]

---

[1] Dkt. No. 128.

[2] Dkt. No. 141.

[3] Dkt. No. 48.

1

B.  The Motion

Plaintiff's Motion to Compel[4]

C.  Decision

Based on the reasoning set forth in detail below, Plaintiff's Motion to Compel is **DENIED**.

Pursuant to Rule 37(a)(5)(A), Defendant shall submit within fourteen (14) days of this Order an affidavit of reasonable expenses in relation to the Motion to Compel. Plaintiff shall have fourteen (14) days to respond. Plaintiff shall be given an opportunity to be heard by telephone why reasonable expenses should not be awarded on July 13, 2010, at 10 a.m.

## II. FACTS

1. On December 3, 2009, Plaintiff served Defendant with written discovery consisting of certain document requests.[5]

2. On December 29, 2009, Defendant served Plaintiff with written discovery requests consisting of written interrogatories and requests for production of documents.[6]

3. On January 11, 2010, Plaintiff filed his Motion to Find for Plaintiff's Financial Damages be Settled Immediately in Response to Defense's Contempt of Court in not Providing for Plaintiff's Court Documented and Dated Discovery Requests as of 12/3/09.[7]

---

[4] Dkt. No. 128.

[5] Dkt. No. 65.

[6] Dkt. No. 72.

[7] Dkt. No. 75.

4. Also on January 11, 2010, Defendant served Plaintiff with Defendant's Response to Plaintiff's Request for Production of Documents.[8]

5. Defendant filed its Response to Plaintiff's Motion to Find for Plaintiff's Financial Damages be Settled Immediately in Response to Defense's Contempt of Court in not Providing for Plaintiff's Court Documented and Dated Discovery Requests as of 12/3/09 on January 12, 2010.[9]

6. Defendant filed a Proposed Stipulated Protective Order on January 28, 2010.[10]

7. On February 1, 2010, Defendant filed a Motion for Protective Order.[11]

8. On February 26, 2010, Defendant filed a Motion to Compel.[12]

9. On February 26, 2010, Defendant filed a Request for Redaction of Information on pages 21-31 of the Motion to Compel.[13]

10. On March 9, 2010, Plaintiff filed his Motion for Official Address Change and to Halt all Court Proceedings Until Previous Unseen Court Documents can be Viewed in Their Entirety and Addressed.[14]

11. On March 9, 2010, Plaintiff filed his Objections to Defendant's Combined

---

[8] Dkt. No. 76.

[9] Dkt. No. 77.

[10] Dkt. No. 80.

[11] Dkt. No. 85.

[12] Dkt. No. 105.

[13] Dkt. No. 106.

[14] Dkt. No. 109.

Memorandum in Support of Motion to Compel Discovery.[15]

12.     On March 30, 2010, the Court entered an Order Denying Plaintiff's Motion to Compel [75] for Lack of Good Faith Certification and Granting Defendant's Motion for Protective Order [85].[16]

13.     On March 30, 2010, the Court entered an Order Denying Defendant's Motion to Compel [105] and Granting in Part and Denying in Part Plaintiff's Motion to Change Address and Halt Proceedings Until Previously Unseen Court Documents can be Viewed in their Entirety and Addressed [109].[17]

14.     On March 31, Defendant filed its Objections to the Court's Order of March 30, 2010.[18]

15.     On April 19, 2010, the Court entered an Amended Order Granting Defendant's Motion to Compel [105] and Granting in Part and Denying in Part Plaintiff's Motion to Change Address and Halt Proceedings Until Previously Unseen Court Documents can be Viewed in their Entirety and Addressed [109].[19]

16.     On April 27, 2010, Plaintiff filed Objections to the Court's Amended Order also containing the instant Motion to Compel Defense to Produce Evidence.[20]

---

[15] Dkt. No. 110.

[16] Dkt. No. 118.

[17] Dkt. No. 119.

[18] Dkt. No. 120.

[19] Dkt. No. 125.

[20] Dkt. No. 128.

17. On May 7, 2010, Defendant filed its Response in Opposition of Plaintiff's Motion to Compel.[21]

18. On May 7, 2010, Defendant filed a Certificate of Service indicating that on May 6, 2010, Defendant served on Plaintiff a copy of Defendant's Supplemental Response to Plaintiff's Requests for Production of Documents, including Appendices A, B, and C.[22]

19. On May 11, 2010, Defendant filed a copy of its Certificate of Service for Appendix D to Defendant's Supplemental Response to Plaintiff's Requests for Production of Documents.[23]

20. On May 12, 2010, the District Court issued an Order Overruling Plaintiff's Objections to the Amended Order Granting Defendant's Motion to Compel [128].[24]

21. On May 17, 2010, an Evidentiary Hearing and Argument was held on Plaintiff's instant Motion to Compel.[25]

### III. PLAINTIFF'S MOTION TO COMPEL

A. Contentions of the Parties

In his Motion to Compel, Plaintiff argues that Defendant has yet to respond to discovery requests sent multiple times to Defendant.

---

[21] Dkt. No. 129.

[22] Dkt. No. 130.

[23] Dkt. No. 133.

[24] Dkt. No. 136.

[25] Dkt. Nos. 140, 141, and 143.

Defendant contends that the Motion to Compel is improper because certain requests were subject to a previously denied motion to compel, certain requests were subject to a protective order and were already produced, and certain requests were never the subject of a formal discovery request. Additionally, Defendant contends that Plaintiff waived his right to move the Court to compel the production of certain documents because the motion is untimely.

B.     Discussion

Unless limited by a court order, parties in civil litigation enjoy broad discovery as detailed in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who knows of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

"[T]he discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[26] To be relevant, the information sought must

---

[26] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. It recognizes the reasons for this and acknowledges them.

be "'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Hickman, 329 U.S. at 501.

A party may move for an order to compel discovery or disclosure from an opposing party. Fed. R. Civ. P. 37(a). Specifically, parties may move for an order compelling an answer to a deposition question, a designation under Rule 30(b)(6) or Rule 31(a)(4), a response to an interrogatory, and a response to a request for production. Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv). To properly file a motion to compel in this Court, a party must submit with the motion to compel a statement setting forth "verbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken." LR Civ P 37.02(a)(1). A court cannot grant a motion to compel unless a previous formal discovery request preceded the motion to compel. James v. Wash Depot Holdings, Inc., 240 F.R.D. 693, 695 (S.D.Fla. 2006); see also, Schwartz v. Marketing Pub. Co., 153 F.R.D. 16, 21 (D.Conn. 1994) (court refused to grant motion to compel where plaintiff did not request documents pursuant to discovery rules).

> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Fed.R.Civ.P. 37, governing motions to compel. Informal requests for production lie outside the boundaries of the discovery rules. Formal requests may be filed under some circumstances, not letter requests. Formal requests require certificates of conferring and service. Letters do not. Formal requests certify representations of counsel under Fed.R.Civ.P. 11(b). Letters do not. Formal requests clearly implicate the duties of opposing parties to respond, pursuant to Fed.R.Civ.P. 34. Letters do not. Formal requests may occasion sanctions. Letters usually do not. To treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery.

Id.

Additionally a court cannot grant a motion to compel unless it is timely filed. "A motion to compel . . . is deemed waived if it is not filed within thirty days after the discovery response or

disclosure requirement sought was due, which date is determined in accordance with a rule or by mutual agreement among the parties, unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party." LR Civ P 37.02(b). If the requesting party does not file the motion to compel within the specified time frame, "the party has waived his right to any material he may have obtained from the request, unless it can show good cause for the delay." Ayers v. Continental Cas. Co., 240 F.R.D. 216, 224 (N.D.W.Va. 2007).

Once parties receive a ruling on a motion to compel, the parties may appeal the ruling to the district court.[27] When a party does not appeal the ruling on a motion to compel and instead files a subsequent motion on the same issue, the subsequent motion should be denied. See Melvin v. Astbury, 2008 WL 5416384, at 8 (D.N.J. 2008) (denying plaintiff's motion to compel because plaintiff failed to appeal the magistrate judge's findings on the same issue); Clark v. France Compressor Products, Div. of Garlock, Inc., 694 F.Supp. 112, 115 (E.D.Pa. 1988) (rejecting plaintiff's argument that the magistrate judge improperly denied his motion to compel because the plaintiff failed to appeal the magistrate judge's ruling); Peterson v. Sheran, 474 F.Supp. 1215, 1220 (D.C.Minn. 1979)(overruled on other grounds) (quashing subpoenas sent by

---

[27] At the conclusion of each Order issued from this Court, the Court includes the following lines:
> Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

This informs the parties of and provides for the filing of objections to the District Court. Once the period expires, the right to appeal is waived, and the Order becomes final.

the plaintiff to the state disciplinary board because the magistrate judge denied the plaintiff's motion to compel production of the same documents and plaintiff failed to appeal the judgment).

In this current motion to compel, Plaintiff requests information itemized in lists A-T and 1-12. To better address the requested information, the Court will group information together by common applicable laws.

Items A, B, F, G, and J

In item A Plaintiff requests various education enrollment/attainment records and specified at oral arguments that he has yet to receive the official transcripts. Defendant argues that the information requested is subject to a protective order and has already been produced. Further, Defendant argues that Plaintiff did not specify "official transcripts" in any formal request.

Item B requests attendance records of faculty meetings. Defendant argues that the information requested is subject to a protective order and has already been produced.

Plaintiff also asserts he has yet to receive the information requested in Item F, all Defendant's financial documents; Item G, Defendant's liability insurance information; and Item J, phone records. Defendant argues that these items were the subjects of a previous motion filed by Plaintiff, construed by the Court to be a motion to compel, and denied by the Court.

First, as to Items A and B, both were subjects of the protective order granted by this Court on March 30, 2010.[28] Further, according to the Certificate of Service submitted by

---

[28] Dkt. No. 118.

9

Defendant on May 7, 2010,[1] these documents were produced to Plaintiff on May 6, 2010. Additionally, as to Item A, Plaintiff argued at oral arguments that he requested the official transcripts. Plaintiff is correct in his assertion that he requested the official transcripts; however, this request was denied in Plaintiff's previously filed motion, which was construed as a motion to compel.[30] Plaintiff failed to appeal the Order denying his first motion to compel; therefore, the Order became final, and Plaintiff may not file a subsequent motion to compel raising the same issue. Melvin, 2008 WL 5416384, at 8.

Second, the Court must agree with Defendant that Items A, B, F, G, and J were all denied in this Court's Order entered on March 30, 2010.[31] Plaintiff did not appeal the Order, and the Order became final. Accordingly, Plaintiff is prevented from raising the same issues in a subsequent motion to compel.

Items K, L, and M

Items K and L seek information related to the vacancy advertisement and the faculty salary plan worksheet used to determine professor qualifications. Item M seeks student performance evaluations of Plaintiff. Defendant argues that Plaintiff has waived the right to move the Court for an order to compel the disclosure of these items because Plaintiff admitted in his Motion to Compel that the requests are overdue. Further, Defendant argues that because Plaintiff's Motion was not filed within 30 days after the discovery requests were due, Plaintiff has waived his right to file a motion to compel.

---

[1] Dkt. No. 141-1.

[30] Dkt. No. 118.

[31] Dkt. No. 118.

In his instant Motion to Compel, Plaintiff states that he requested the information in Items K, L, and M on January 12, 2010.[32] Once a party is sent a discovery request for the production of documents, the party "must respond in writing within 30 days after being served" unless another date is stipulated by the parties or Court order. Fed.R.Civ.P. 34(b)(2)(A). Plaintiff alleges that he sent the discovery requests on January 12, 2010. The Court is unable to identify a stipulation or Court order extending the time Defendant had to respond; therefore, the responses were due on or before February 11, 2010. Under the Local Rules, Plaintiff had thirty days from February 11, 2010, to file a motion to compel. Therefore, to be timely under the Local Rules, Plaintiff must have brought the motion to compel on or before March 15, 2010. Plaintiff did not bring this instant Motion to Compel until April 27, 2010, which is one month past the deadline, and Plaintiff did not show good cause for the delay. Accordingly, Plaintiff has waived his right to this material.

<u>Items C, I, O, P, Q, R, S, T and 1-12</u>

In Items C and I, Plaintiff requests the list of students attending an accreditation meeting and handwriting samples of students for comparison. Plaintiff seeks evaluation notes in Item O, a copy of the new personnel department policies in Item P, copies of internal phone records in

---

[32] Dkt. No. 128, P. 4-5. Though Plaintiff asserts he sent the initial discovery requests on January 12, 2010, the Court is unable to locate the January 12, 2010 request. The Court was able to identify discovery requests made by Plaintiff to Defendant signed and dated December 7, 2009, by Plaintiff. Regardless of whether the discovery requests were made on January 12, 2010, or December 7, 2009, Plaintiff's instant Motion to Compel was not filed within the specified time period.

Item Q, and written affidavits from employees of Defendant in Items R - T. In Items 1-12, Plaintiff requests from Defendant's employees certain personal, legal, and medical records.

Defendant argues that these Items have never been subject to a formal written discovery request and therefore cannot be subject to a motion to compel.

Again the Court must agree with Defendant. During oral arguments, the Court asked each party to submit to the Court for its review the formal discovery requests made to date. Both parties submitted to the Court the discovery and discovery correspondence. After a review of both Plaintiff and Defendant's submissions, the Court is unable to locate any formal discovery request made by Plaintiff to Defendant for any of the information listed in Items C, I, O, P, Q, R, S, T, and 1-12. Because Plaintiff did not formally request the information from Defendant, Plaintiff did not comply with the Local Rules governing the filing of a motion to compel. Additionally, without a formal discovery request, the Court is unable to rule on the Motion. James, 240 F.R.D. at 695.

C.  Decision

Based on the foregoing, Plaintiff's Motion to Compel is **DENIED**.

Pursuant to Rule 37(a)(5)(A), Defendant shall submit within fourteen (14) days of this Order an affidavit of reasonable expenses in relation to the Motion to Compel. Plaintiff shall have fourteen (14) days to respond. Plaintiff shall be given an opportunity to be heard by telephone why reasonable expenses should not be awarded on July 13, 2010, at 10 a.m.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**

DATED: June 1, 2010

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE