**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

STEPHEN ALAN ALBERTS, II,

    Plaintiff,

v.                                                      Civ. Action No. 5:09-cv-109

WHEELING JESUIT UNIVERSITY,

    Defendant.

**MEMORANDUM AND ORDER FINDING PLAINTIFF'S RESPONSE TO REQUEST FOR ADMISSION INSUFFICIENT AND DEEMING THE MATTER ADMITTED**

On July 29, 2010, came the above named Plaintiff Stephen Alberts, II, via telephone, and the above named Defendant Wheeling Jesuit University, by Christopher Riley, in person, for an evidentiary hearing and argument on Defendant's Motion to Determine the Sufficiency of Plaintiff's Response to Certain Requests for Admission.[1] No testimony was taken. Defendant introduced Defendant's Exhibit A, which consisted of a letter from United States Equal Employment Opportunity Commission to Christopher Riley in response to Mr. Riley's request under the Freedom of Information Act, a Dismissal and Notice of Rights dated March 18, 2009, a paper labeled Information Related to Filing Suit Under the Laws Enforced by the EEOC, and a case log.[2]

## I. INTRODUCTION

A.    <u>Background</u>

This action was initiated on April 6, 2009, by the filing of a Motion to Proceed In Forma

---

[1] Dkt. No. 152.

[2] Dkt. No. 158.

1

Pauperis by Plaintiff in the United States District Court, Western District of Pennsylvania. On September 30, 2009, the case was transferred to the United States District Court, Northern District of West Virginia.[3]

B.  The Motion

Defendant's Motion to Determine the Sufficiency of Plaintiff's Response to Certain Requests for Admission[4]

C.  Decision

Plaintiff's response to Request No. 6 is insufficient. Because Plaintiff's response was insufficient and Plaintiff was in possession of the document that is dispositive of the Request, Request No. 6 is deemed **ADMITTED**.

## II. FACTS

1. On May 7, 2010, Defendant served on Plaintiff Defendant's Second Set of Discovery Requests.[5]

2. On June 7, 2010, Plaintiff served his Responses to Defendant's Second Set of Discovery Requests.[6]

3. On July 7, 2010, counsel for Defendant emailed Plaintiff seeking an amended

---

[3] Dkt. No. 48.

[4] Dkt. No. 152.

[5] Dkt. No. 131.

[6] Dkt. No. 152, Exh. B.

response to Request for Admission No. 6.[7]

4.      On July 12, 2010, after no response from Plaintiff, Defendant filed the current motion.

### III. DISCUSSION

A.      Contentions of the Parties

In its Motion, Defendant argues that Plaintiff failed to comply with Fed.R.Civ.P. 36 in his response to Defendant's Request for Admission No. 6. First, Defendant argues that Request No. 6 did not request that Plaintiff authenticate the statement; rather, it requested that he admit that the EEOC dismissed Plaintiff's discrimination charge. Second, Defendant argues that Request No. 6. did not request that Plaintiff admit any disputed findings but only the undisputed fact that the EEOC dismissed Plaintiff's discrimination charge. Further, Defendant argues that Plaintiff failed to answer in good faith because Plaintiff was aware of the EEOC outcome and received the March 18, 2009 Dismissal and Notice of Rights from the EEOC detailing the EEOC's dismissal and further procedures for Plaintiff.

Plaintiff did not respond to the Motion. However, at the evidentiary hearing and argument, the Court provided an additional week for Plaintiff to respond in writing to Defendant's contentions, including the contention that Plaintiff received a copy of the March 18, 2009 letter from the EEOC that informed Plaintiff of its decision to dismiss Plaintiff's discrimination charge. Plaintiff wrote to the Court on August 2, 2010,[8] and stated that he was unable to open the email from defense counsel, which included a copy of the information sent

---

[7] Dkt. No. 152, Exh. C.

[8] Dkt. No. 161.

from the EEOC, because his hard drive "failed." Nonetheless, Plaintiff reaffirmed his position that the EEOC's conclusions were erroneous and he could not admit the facts in Request No. 6.

B.     Discussion

Fed.R.Civ.P. 36 provides that parties may serve on each other written requests to admit the truth of any matter within the scope of Rule 26 relating to "facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1). Responding parties must admit, specifically deny, or state in detail why the party cannot truthfully admit or deny the subjects of the requests. Fed.R.Civ.P. 36(a)(4). Requesting parties "may move to determine the sufficiency of an answer or objection." Fed.R.Civ.P. 36(a)(6). If the court finds that the response to a request does not comply with the Rule's requirements, "the court may order either that the matter is admitted or that an amended answer be served." Id.

The purpose of Rule 36 is "'for facilitating the proof at trial by weeding out facts and items of proof over which there is no dispute.'" Booth Oil site Administrative Group v. Safety-Kleen Corporation, 194 F.R.D. 76, 79 (W.D.N.Y. 2000) (citing 4A Moore's Federal Practice, ¶ 36.02 (2d ed. 1982)). Rule 36 permits requests for the admission as to any fact within the scope of Rule 26. Statements of a document's text are a matter of fact; therefore, "a request calling upon a party to admit or deny that such quoted material is the actual text of an identified document, relevant to the case, may not be ignored . . . ." Id. at 80. Rather, these requests as to the accuracy of textual material from a particular document relevant to the case are permissible. Id. Accordingly, any such "'denial must be forthright, specific and unconditional.'" Id. at 79 (quoting Wright & Miller, Federal Practice & Procedure § 2260 at 729). "Denial of the accuracy

4

of a statement is not denial of its essential truth . . . ." Southern Ry. Co. V. Crosby, 201 F.2d 878, 880 (4th Cir. 1953).

Here, Defendant requested in Request No. 6 that Plaintiff admit that on March 18, 2009, the EEOC dismissed Plaintiff's discrimination charge and approved the investigator's finding that it was "more likely than not" that no violation occurred. Plaintiff responded by stating that he could not authenticate the statement because "the investigation was breached by an unexplained conflict of interest statement by the investigator; no concrete proof (phone records) was ever obtained in ascertaining the truthfulness of the charges . . . ; [and] there is strong evidence suggesting that [defense counsel] was in inappropriate contact with the investigating team during and aftr [sic] the investigation."[9] Defendant did not request that Plaintiff admit the authenticity of the statement; rather, Defendant requested that Plaintiff admit that was the EEOC's conclusion set forth in the March 18, 2009 letter. Simply put, this Request was nothing more than a request as to the accuracy of textual material from a particular document relevant to the case.

During the evidentiary hearing and argument, a dispute developed as to whether Dr. Alberts ever obtained from the EEOC the information, which contained the Dismissal and Notice of Rights dated March 18, 2009, which is dispositive of Request No. 6. Plaintiff represented to the Court on numerous occasions that he was unsure if he had ever seen the March 18, 2009 document.[10] The Court asked defense counsel that he e-mail to Plaintiff all documents from the EEOC so that Plaintiff may determine if he had seen all the documents and so Plaintiff could

---

[9] Dkt. No. 152, Exh. B.

[10] Dkt. No. 159, pgs 5, 6, 8, 11, 12, 13.

5

adequately respond to Request No. 6. Plaintiff mailed a letter to the Court on August 2, 2010, reiterating his position taken at trial: that he had not seen all documents and that he disagreed with the EEOC's findings.

It is important to reiterate that Defendant's Request No. 6 only sought for Plaintiff to admit that the EEOC dismissed Plaintiff's discrimination charges. It did not request that Plaintiff authenticate the EEOC's findings. Additionally, Plaintiff contended that he may not have been in possession of the document, the March 18, 2009 letter, which is dispositive of Request No. 6. Sadly, it would appear that Plaintiff was less than candid with the Court. Attached to Plaintiff's complaint was the document that is dispositive of Request No. 6 - the March 18, 2009 Dismissal and Notice of Rights from the EEOC.[11]

C. Decision

Plaintiff's response to Request No. 6 is insufficient. Because Plaintiff's response was insufficient and Plaintiff was in possession of the document that is dispositive of the Request, Request No. 6 is deemed **ADMITTED**.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon

---

[11] Dkt. No. 3.

such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**

DATED: August 9, 2010

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE