IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEPHEN ALAN ALBERTS, II, Ed.D.,

    Plaintiff,

v.                              Civil Action No. 5:09CV109
                                        (STAMP)
WHEELING JESUIT UNIVERSITY
and DR. LETHA ZOOK,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**OVERRULING PLAINTIFF'S OBJECTIONS TO**
**MAGISTRATE JUDGE SEIBERT'S OCTOBER 22, 2010 ORDER;**
**OVERRULING PLAINTIFF'S OBJECTIONS TO**
**MAGISTRATE JUDGE SEIBERT'S JANUARY 18, 2011 ORDER;**
**AND OVERRULING PLAINTIFF'S OBJECTIONS TO**
**MAGISTRATE JUDGE SEIBERT'S JANUARY 21, 2011 ORDER**

I. Background

The plaintiff, Stephen Alan Alberts, II, Ed.D., appearing pro se,[1] filed a complaint against the defendants, Wheeling Jesuit University ("WJU") and Dr. Letha Zook in the United States District Court for the Western District of Pennsylvania alleging retaliation in violation of federal law. The district court in Pennsylvania then transferred this civil action to this Court.

On April 19, 2010, United States Magistrate Judge James E. Seibert issued an amended order granting the defendant's motion to compel, which required the plaintiff to provide complete responses

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

to all interrogatories within ten days from the date of the order. The plaintiff filed an objection to that order, which this Court overruled on May 12, 2010. On August 26, 2010, defendant WJU filed a motion for discovery sanctions. In that motion, WJU contends that the plaintiff did not serve any responses to the interrogatories as ordered by the Court. On September 2, 2010, Magistrate Judge Seibert entered an order scheduling the matter for an evidentiary hearing on September 14, 2010. The plaintiff did not appear at the hearing. On September 17, 2010, the magistrate judge entered an order rescheduling the hearing for October 7, 2010.

The plaintiff and the defendant appeared before Magistrate Judge Seibert on October 7, 2010. On October 8, 2010, Magistrate Judge Seibert entered an order in which he stated that the plaintiff should have an additional opportunity to comply with the April 19, 2010 discovery order. Magistrate Judge Seibert provided the plaintiff with ten additional days to provide complete responses to Defendant's Interrogatories Nos. 1, 2, and 4-21. Magistrate Judge Seibert then scheduled a hearing for October 21, 2010 to determine whether the plaintiff complied with the order.

On October 18, 2010, this Court received a letter from the plaintiff, which was made an exhibit to the evidentiary hearing before Magistrate Judge Seibert on October 21, 2010. This Court construed the letter both as an objection to Magistrate Judge

Seibert's October 8, 2010 order and as a motion for summary judgment. On October 25, 2010, this Court overruled the plaintiff's objections to Magistrate Judge Seibert's October 8, 2010 order.

On October 22, 2010, the Magistrate Judge issued an order confirming the pronounced order of the court at the October 21, 2010 hearing. The plaintiff had argued at the hearing that the magistrate judge's previous order was unclear. The magistrate judge stated that the plaintiff would have "one final chance" to comply with the April 19, 2010 order. The plaintiff was ordered to answer the interrogatories on or before November 12, 2010. On November 10, 2010, the plaintiff filed an appeal of the October 22, 2010 order.[2]

Also on November 10, 2010, the plaintiff filed a motion to compel WJU to respond to the plaintiff's discovery requests. WJU argued in opposition that the plaintiff had never served WJU with any discovery requests that contained those interrogatories and requests for production. Magistrate Judge Seibert held an evidentiary hearing on the plaintiff's motion to compel on December 2, 2010.

On November 17, 2011, the parties appeared before Magistrate Judge Seibert for a hearing in which the plaintiff advised the

---

[2]This Court ordered the plaintiff to resubmit his objections to the October 22, 2010 order as the plaintiff had omitted several pages from his appeal.

Court that he had previously provided discovery responses to WJU's discovery requests. The Court ordered the plaintiff to file with the Clerk of Court all information and documents previously provided by the plaintiff by November 24, 2010.

On January 18, 2011, Magistrate Judge Seibert granted WJU's motion for sanctions. In that order, the magistrate judge recommended that the plaintiff be prohibited from offering evidence in all areas in which he refused to respond to discovery as ordered by the Court. In addition, the magistrate judge ordered that the plaintiff pay to the defendant all costs the defendant incurred in attempting to obtain the discovery the Court ordered the plaintiff to provide in its April 19, 2010 order. On January 31, 2011, the plaintiff filed objections to the January 18, 2011 order.

On January 21, 2011, the magistrate judge denied the plaintiff's motion to compel. The magistrate judge first found that the plaintiff failed to confer or attempt to confer with WJU prior to the filing of the motion. Despite the allegedly false certification by the plaintiff, the magistrate judge considered the plaintiff's motion to compel on the merits. Magistrate Judge Seibert stated that WJU first appeared to be aware of the plaintiff's discovery requests when the motion to compel was filed. The magistrate judge found that insufficient to constitute service on a party and he denied the motion because of the informality in which the plaintiff's discovery requests were made. The plaintiff

4

filed an objection to this order on January 31, 2011. On February 9, 2011, Magistrate Judge Seibert held an opportunity to be heard hearing. The plaintiff did not appear. Magistrate Judge Seibert then entered an order awarding the defendant $12,442.50.

For the reasons that follow, this Court overrules the plaintiff's objections to Magistrate Judge Seibert's October 22, 2010, January 18, 2011, and January 21, 2011 orders.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982).

This Court has carefully reviewed the plaintiff's motion, and because the plaintiff is pro se, this Court has liberally construed the plaintiff's pleadings throughout this entire case. See Haines

v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers).

## III. Discussion

A. Magistrate Judge Seibert's October 22, 2010 Order

Magistrate Judge Seibert held an evidentiary hearing on October 21, 2010 to determine whether the plaintiff complied with the October 8, 2010 order of the Court. The plaintiff had stated that the order was unclear. In the October 22, 2010 order, Magistrate Judge Seibert allowed the plaintiff another chance to comply with the Court's April 19, 2010 order. This Court has reviewed the plaintiff's objections to the magistrate judge's order and finds them to be without merit. The plaintiff's objections do not address the substance of the October 22, 2010 order. The plaintiff's objections cite to several provisions of the Federal Rules of Evidence, which he states he cites to "make it abundantly clear that this Court has not been previously interested in ascertaining whether WJU has been guilty of breaking ADEA Federal laws - but has been more concerned with shielding Defense from being held accountable for their unlawful actions." He states that more importantly, the citations to the Federal Rules of Evidence are to provide a speedy and just trial without undue delays and frivolous wastes of taxpayer dollars.

He further contests the validity of the hearing, stating that it should not have taken place because of lack of notice to the

plaintiff.  He states that he only had two days notice of the hearing.  This Court finds that the magistrate judge did not err in holding the hearing.

The plaintiff argues that the Court has consistently violated his due process rights.  Examining the record, the magistrate judge first issued his order granting the defendant's motion to compel in April 2010.  Magistrate Judge Seibert gave the plaintiff over six months to produce the answers to the interrogatories requested by WJU.  This Court finds that the magistrate judge did not violate the plaintiff's due process rights.

The plaintiff states in his objections that, because of a lack of reciprocity of similarly situated evidence, and because the plaintiff cannot be held liable for a non-functional hard drive, he has no intention of complying with the defendant's discovery request.  He states that he believes this is a defense tactic to draw out the litigation and that it is "absurd" that this Court would allow this hearing to occur.  In the objections, the plaintiffs states that the defense should not be enjoying a six month delay in the proceedings because of their discovery requests as he has no intention of changing his responses.  As to this objection, this Court notes that while the plaintiff is proceeding <u>pro se</u>, he is still subject to the discovery rules of the Federal Rules of Civil Procedure.  The defendant properly requested answers to interrogatories in discovery.  The plaintiff should not be

allowed to not fully answer the questions simply because he is proceeding pro se.

B.   Magistrate Judge Seibert's January 18, 2011 Order

The magistrate judge found that the plaintiff repeatedly failed to comply with the April 19, 2010 order. As a result, Magistrate Judge Seibert stated that he was not yet willing to recommend dismissal of the action, but believed that the plaintiff must be barred from introducing evidence in any area in which he refuses to respond to the defendant's interrogatories as to the factual basis for the plaintiff's claim. Specifically, the magistrate judge recommended[3] that the plaintiff be precluded from offering any evidence concerning the following items: (1) any expert witness testimony and reports; (2) any lay witness testimony; witness statements and communications; and statements and communications by the plaintiff concerning the plaintiff's claims, injuries, and damages; (3) any evidence, including documents, that may support the plaintiff's contention that his working conditions at the University were intolerable; (4) any evidence, including documents, that may support the plaintiff's contention that the was forced to resign his employment at the University; (5) any evidence, including documents, that may support

---

[3]To the extent that this portion of the magistrate judge's order could be construed as a report and recommendation, this Court reviews the discovery sanction de novo and finds that the recommendation of the magistrate judge should be adopted in its entirety.

the plaintiff's contention that the University provided a negative reference to any prospective employer of the plaintiff; (6) any document or communications from any representative of the "Global Verification Service of Rochester, MI," which the plaintiff hired to conduct a reference check concerning the plaintiff's prior employment with the University; (7) any evidence, including documents, that the plaintiff made a complaint, objection, or report of harassment, discrimination, retaliation, or wrongdoing while employed by the University; (8) any computation of damages and any evidence, including documents, upon which the computation is based; (9) any documents that evidence any past or future financial losses, which the plaintiff may claim; (10) any evidence, including documents, that may support any contention that the plaintiff has experienced or will experience any health and mental effects, including emotional distress, as a result of any alleged conduct by the University; (11) any evidence, including documents, that may support any contention that the plaintiff has incurred or will incur any health care or medical expense to treat any health and mental health condition, including emotional distress; (12) any evidence, including documents in electronic form, that is stored on the plaintiff's laptop computers and any other memory storage devices, which the plaintiff has refused to produce for forensic examination and evidence recovery; and (13) any evidence, including

documents, that may support the plaintiff's claims for past and future lost wages.

The magistrate judge further ordered that the plaintiff shall pay to the defendant all reasonable expenses the defendant incurred in attempting to obtain the discovery the Court ordered the plaintiff to provide in its April 19, 2010 order.

After reviewing the magistrate judge's order, this Court cannot find any error. In this case, the plaintiff failed to comply with a discovery order issued four separate times. Federal Rule of Civil Procedure 37 authorizes this Court to impose sanctions upon a party for discovery related misconduct. Fed. R. Civ. P. 37(b)(2)(C); Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998). Before a court imposes sanctions, however, it should consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would [be] effective." Id.

This Court agrees with the magistrate judge that the plaintiff has acted in bad faith throughout the course of the litigation. The magistrate judge points out that the plaintiff has a doctorate degree in education and is an intelligent man capable of understanding both the Federal Rules of Civil Procedure and this Court's orders. Despite this fact, the plaintiff has repeatedly

ignored Magistrate Judge Seibert's orders and refused to comply with those orders, particularly the order of April 19, 2010. By refusing to comply with this order on any of the four occasions Magistrate Judge Seibert entered an order, this Court finds that the plaintiff has acted in bad faith.

WJU has been prejudiced by the failure of the plaintiff to comply with the discovery orders. WJU has not had the opportunity to discover the facts or evidence which may support the plaintiff's claims. This Court also agrees with the magistrate judge that the plaintiff's unwillingness to answer the interrogatories has prevented WJU from defending itself.

Next, this Court finds that Magistrate Judge Seibert's finding that sanctions are necessary to deter future noncompliance is not clearly erroneous or contrary to law as the magistrate judge found that the plaintiff has repeatedly ignored court orders.

Finally, the magistrate judge believed that the plaintiff must be barred from introducing evidence in any area in which he refused to respond to the defendant's interrogatories as to the factual basis for the plaintiff's claim.

The plaintiff's objections, again, lack merit. The plaintiff contends in his objections that he did comply with the court order. Instead of arguing that he did not act in bad faith, the plaintiff attacks counsel for the defendant and states that he "has proven himself a mendacious and salacious incendiary vermin not to be

taken seriously." This objection lacks merit. As to the prejudice suffered by WJU by not receiving the answers to interrogatories, the plaintiff argues that WJU has inflicted harm upon him. He states that forcing WJU to trial without knowing the facts plaintiff intends to prove "is a damned lie." He states he has been crystal clear about the charges WJU must face in this lawsuit. This Court notes that there is a difference between alleging violations of federal law and then turning over evidence regarding those allegations in discovery, which the plaintiff has failed to do. He also disagrees with the magistrate judge's assessment of the effectiveness of less drastic sanctions, stating that if he proceeded to present this evidence to the court, WJU would be found "guilty of breaking multiple Federal laws."

For the reasons discussed above, this Court finds that the magistrate judge's January 18, 2011 order is not clearly erroneous. Accordingly, this Court adopts the recommendation of the magistrate judge in its entirety and the plaintiff is barred from introducing any of the evidence listed above.

Furthermore, this Court finds that the plaintiff must comply with the magistrate judge's order to pay reasonable expenses to the defendant in the amount of $12,442.50. The plaintiff did not appear at the February 9, 2011 opportunity to be heard hearing and did not object to Magistrate Judge Seibert's February 9, 2011 order awarding reasonable fees. The plaintiff has not demonstrated that

his noncompliance was substantially justified or that the award is otherwise unjust. See Fed. R. Civ. P. 37(b)(2)(C) (providing that failing to comply with a court discovery order, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

C. <u>Magistrate Judge Seibert's January 21, 2011 Order</u>

This Court must affirm Magistrate Judge Seibert's January 21, 2011 order denying the plaintiff's motion to compel. This Court, like the magistrate judge, is concerned with the plaintiff's failure to meet and confer with WJU prior to the filing of this motion. After reviewing the record, this Court finds that the magistrate judge is correct that the discovery at issue was not formally filed and served on WJU. The plaintiff did not file a certificate of service with this Court, as required by the Local Rules of Civil Procedure, to evidence a discovery request. This Court agrees with the magistrate judge that it appears that the first time the plaintiff's discovery requests were made aware to the defendant was when the plaintiff filed his motion to compel. The magistrate judge's conclusion that this is insufficient service of process is not clearly erroneous nor contrary to law.

This Court concludes that the magistrate judge's orders must be affirmed as they are not clearly erroneous. This Court has

thoroughly reviewed Magistrate Judge Seibert's October 22, 2010 order, January 18, 2011 order, and January 21, 2011 order and finds that the plaintiff, in his objections, did not show that the magistrate judge's findings were contrary to law or that the magistrate judge abused his discretion. As stated above, this Court finds no clear error or abuse of discretion.

## IV. Conclusion

For the reasons stated above, the plaintiff's objections to Magistrate Judge Seibert's October 22, 2010 order (Docket No. 198), the plaintiff's objections to Magistrate Judge Seibert's January 18, 2011 order (Docket No. 226), and the plaintiff's objections to Magistrate Judge Seibert's January 21, 2011 order (Docket No. 227) are OVERRULED. Accordingly, the plaintiff is DIRECTED to pay the defendant $12,442.50 in expenses, as determined by Magistrate Judge Seibert, payable to Wheeling Jesuit University, c/o Christopher P. Riley, Bennett Square, 2100 Market Street, P.O. Box 631, Wheeling, WV 26003.

Because the plaintiff filed objections to the Magistrate Judge's orders of October 22, 2010, January 18, 2011, and January 21, 2011, the portion of this memorandum opinion and order overruling the plaintiff's objections to those orders is appealable. The plaintiff did not object to Magistrate Judge Seibert's February 9, 2011 order awarding reasonable expenses to defendant Wheeling Jesuit University. The plaintiff is barred from

14

appealing the February 9, 2011 order for failure to file objections to that order. Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985). Accordingly, the plaintiff may appeal this Court's order granting the defendant's motion for sanction, but the plaintiff may not appeal the reasonableness of those sanctions.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail, regular mail, and email, and to counsel of record herein.

DATED:    May 25, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE